Roy L. EDWARDS, Jr., Plaintiff,

v.

Wilbur J. COHEN, Secretary, Department of Health, Education and Welfare, Social Security Administration, Defendant.

Civ. A. No. 6982.

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 14, 1969.

———◆———

Willcox, Savage, Lawrence, Dickson & Spindle, John E. Clarkson, Norfolk, Va., for plaintiff.

James A. Oast, Jr., Asst. U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM OPINION

KELLAM, District Judge.

Complainant comes before this Court, seeking review of an order of the Secretary of Health, Education and Welfare, denying him disability benefits. Jurisdiction for review is founded upon Title

42 U.S.C. § 405(g), the pertinent language therein being:—

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

The test, upon judicial review, is whether or not the Secretary's finding (ruling), taking into consideration all reports, examinations, and testimony which comprise the record, is based upon "substantial evidence." This term, described as words of art, has recently been defined as—

> Evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

Complainant applied for disability insurance benefits under Sections 216(i) and 223 of the Social Security Act on March 30, 1965, alleging his period of disability commenced on or about October, 1959. The application was twice denied when filed. Upon complainant's motion, a formal hearing was granted. The Hearing Examiner's decision, dated November 18, 1967 (Tr. 31), held complainant is under a "disability" as defined by the Social Security Act, and "is entitled to a period of disability commencing on November 30, 1964, and to disability insurance benefits effective with the month of September, 1965 * * *." On its own motion, the Appeals Council reviewed and reversed the decision of the Hearing Examiner, on August 14, 1968 (Tr. 14). Edwards now asks this Court to review said denial of disability payments; to rule the Secretary's ruling was not founded upon substantial evidence; and to rule complainant should be adjudged disabled and awarded benefits, in accordance with the decision of the Hearing Examiner.

Specifically, the record reveals complainant is now approximately 30 years, 9 months old, completed high school, and has in the past and is presently attending college on a limited hourly schedule. While on active duty in the Air Force, he received 10 weeks training in sedentary radar operation, concerned primarily with identification of objects on a radar tracking screen. In civilian life, Edwards' vocational abilities focused his attention on the position of salesman, working at different times as life insurance salesman, marine supplies salesman, clothing salesman, and once as a postman. The record is replete with information gathered by the Secretary from each employer as to Edwards' work record. Each, without variance, stated complainant became easily tired, could not work a full day, missed days at work, could not do heavy work, and became dizzy and faint without strenuous activity.

The medical evidence is well documented. The Secretary's medical representative, Dr. Gahagan, was quick to acknowledge complainant's serious condition. The record shows Edwards underwent cancer surgery in July, 1959, at the age of 21. His entire thyroid gland was removed, as were lymph nodes and veins in the area of his neck and shoulders. Prominent scar tissue attests to these operations, which the doctors say is cosmetically unrepairable.

On April 19, 1963, petitioner was discharged from the United States Air Force as "suffering a permanent residual damage as a result of his surgery * * * and that he is no longer qualified under any circumstances to return to duty." The Air Force physician stated that the chance of his surviving a natural life span was conditioned on "his continued use of thyroid extract both as an anabolic support and as a possible metastatic lesion suppressant. It is felt that, from a functional point of view, the patient has a defect which precludes his ability to maintain full-time employment in a civil capacity." Dr. Charles E. Davis, the surgeon who operated upon Edwards, reported Edwards "is unable to work." He attributed the equilibrium disturbance, easy tiring and headaches

"to the interruption of the venous return from his brain." Reporting in May, 1968, Dr. Davis said Edwards was "extremely thin, highly taut and nervous and has been unable to work consistently," that he remained essentially unchanged since the earlier report. Dr. McFadden, a neurological surgeon, reported that whenever Edwards "strains as in doing any kind of labor or in sudden change of position as from sitting to standing, he has transient loss of vision and then the exertion causes headaches and he notices swelling of the face * * * This is severe enough to be essentially totally disabling for any type of gainful employment requiring lifting, bending, straining, riding a long distance in an automobile or walking a considerable amount." Dr. McFadden felt this condition "will remain permanent." Dr. John Franklin, reporting in October 1967, wrote that Edwards "is disabled for employment that will require of him any physical or prolonged effort. His reaction time is slow. He has had difficulty acquiring new skills because of his thyroid deficiency, and as a consequence of all of this he has been unable to be re-trained for any gainful or useful employment." Dr. Jack Garrison reported in October 1967, that Edwards had "not been able to maintain employment. He experiences frequent periods of 'blacking out' where his vision is blurred and loses his 'sense of balance.'"

Summing up all medical reports, in a nutshell, Edwards' long term prognosis is poor. Essentially his disabilities include, but are not limited to, quick tiring (loss of thyroid gland); highly nervous (result of psychologically handicapped by disease); occasional loss of vision, speech, and appendage coordination; edema of face, neck and brain; severe headaches; poor circulation of blood to brain from loss of jugular arteries— causing temporary loss of vision, etc.; and he cannot rise, sit or move laterally except in slow motions for fear of losing consciousness and blacking out. This precludes climbing steps and lifting for the same reasons. Petitioner's college schedule demonstrates his hourly restrictions as to sedentary activity—limited to several hours, and he states his out-of-class preparations are also restricted approximately to one hour, accomplished while laying in bed at home. The record more than substantially supported the Hearing Examiner's decision.

■ The basis, upon which the Appeals Council reversed the Hearing Examiner, was, claimant was not disabled in that he was capable of engaging in substantial gainful employment of a sedentary nature. This Court must determine whether the Appeals Council's decision is supported by substantial evidence. Submitting and reviewing the medical record in its entirety, this Court cannot agree with the Appeals Council on the issue of disability. The medical testimony establishes by an overpowering preponderance of the evidence that claimant, as determined by the Hearing Examiner's decision, is under a "disability" as defined in the Social Security Act. That is, the "inability to engage in any substantial gainful activity by reason of * * * medically determinable physical or mental impairment which can be expected * * * to last for a continuous period of not less than 12 months." 42 U.S.C.A. § 423(d) (1) (A). As will be noted, the test is not just gainful activity, but is "substantial" gainful activity, "which exists in the national economy" and this "means work which exists in significant numbers * * * in the region where [he] lives or in several regions of the country." 42 U.S.C.A. § 423(d) (2) (A).

The determination of the Appeals Council is manifestly not supported by substantial evidence. Claimant is adjudged to be under a disability as set out in the decision of the Hearing Examiner.

Although disabled, the Appeals Council found claimant could perform sedentary gainful employment. While the Appeals Council says claimant "should not have any significant problem, despite his physical limitations, in engaging in work

activity suitable to his vocational interest," the record is to the contrary. Claimant has undertaken numerous types of work activity, but has been unable to continue the work. There is no doubt he has the educational qualifications to engage in many work activities, but he is physically not able to do so. It is difficult to understand how one who "has transient loss of vision," and suffers from "headaches" from a change of position "as from sitting to standing," and who "experiences frequent periods of 'blacking out' where his vision is blurred and [he] loses his 'sense of balance,'" with his other problems, could be said not to be disabled within the meaning of the Act.

Dr. Robert Gahagan, the medical expert testifying for the Government, in response to a question from the Hearing Examiner as to the claimant's functional capacity for sedentary activity, testified:

> Well, this I think is a problem because there are very many sedentary jobs that require certain positions changes in body posture which the patient would certainly be apt to have symptoms in. There are other sedentary jobs, I can't think of them right off, where perhaps he could or perhaps would not cause symptoms.

Again, Dr. Gahagan said:

> A job that require(s) sitting at a table or desk such as we are sitting at now and perhaps working with papers but did not require getting up and down, stooping over, pulling heavy filing cabinets open and shutting them and so on * * *

It is not difficult to reason that claimant's cosmetic deformation would psychologically and actively hinder any opportunity for Edwards to seek employment as a salesman. The medical reports show he has difficulty standing because he is subjected to spells of dizziness and fainting. No specific work was suggested for claimant, yet this Court is hard pressed to imagine a job [much less an employer who would employ Edwards] available for a man in the claimant's physical condition.

■■ The law in the Fourth Circuit applicable to a claimant's health status and to vocational abilities is well settled. Both the Veterans' Administration and the Hearing Examiner found Edwards disabled and entitled to benefits. Great weight should be given to these prior findings of disability. Hicks v. Gardner, 393 F.2d 299, 302 (4th Cir. 1968). The Appeals Council cannot fragmentize any of claimant's maladies in evaluating his case, but rather must consider all in combination. Hicks v. Gardner, supra, page 302; Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

■ The suggestion that numerous employment opportunities exist for claimant fails to meet the test created by the Fourth Circuit. The test set forth in Gardner v. Earnest, 371 F.2d 606, 608 (4th Cir. 1967), is "whether job opportunities exist for persons with the claimant's disabilities and limitations." More specifically, the test is "whether there is a reasonably firm basis for thinking that this particular claimant can obtain a job within a reasonably circumscribed labor market." Gardner v. Earnest, supra, page 609; and there must exist work available to a person suffering from Edwards' specific impairments, page 610. Gardner v. Earnest, at page 610, embodies a most practical and cogent argument when stating:

> An employer hires the whole man, not a separate back, hand or eye, and if the claimant is so afflicted as to put any job beyond his reach, he is entitled to benefits if he meets the other requirements of the statute. * * *

and further:

> as a practical matter, employers would not hire him because of his age, physical impairments and lack of education, [and] he does not lose his benefits merely because even able-bodied persons can find no work in the area.

The record shows claimant is attending college on a limited basis. He at-

tends college as per the advice of a Veterans' Administration vocational expert, studying courses in the area of general business administration. If claimant leaves college, he cannot hope to benefit himself. Yet the Appeals Council hypothecates and assumes jobs will be available for Edwards when he finishes college. The Court is ever-mindful of the medical prognostication, wherein the doctors report Edwards' "long term prognosis" is poor. The decision of the Secretary is erroneous and unsupported by substantial evidence, and the decision of the Hearing Examiner is hereby incorporated and made a part of this Opinion.

Therefore, it is ordered that the claimant, Roy L. Edwards, Jr., be and hereby is entitled to benefits of disability insurance under the Social Security Act, and that said benefits shall have accrued from September, 1965, in accordance with law.