**James W. HAYES**

v.

**SECRETARY OF HEALTH, EDUCA-
TION, AND WELFARE.**

**Civ. No. 73–265–K.**

United States District Court,
D. Maryland.

June 5, 1974.

Alan Katzen, Baltimore, Md., for
plaintiff.

George Beall, U. S. Atty., Andrew J.
Graham, Asst. U. S. Atty., Baltimore,
Md., for defendant.

FRANK A. KAUFMAN, District
Judge.

Prior to her death on June 28, 1973,
Edna Ruth Hayes appealed to this Court
from a final administrative determina-
tion denying her quest for disability
benefits under the Social Security Act
following an adverse decision by a Hear-
ing Officer on August 14, 1972 and the
affirmance thereof by the Appeals Coun-
cil on January 22, 1973. The Hearing
Officer held on the basis of the adminis-
trative record in this case, including
testimony at a hearing on May 11, 1970,
that on March 31, 1970, the last day as
of which Mrs. Hayes could establish the
existence of disability in order to be
entitled to Social Security disability bene-
fits, Mrs. Hayes was not unable to per-
form the work called for by a type of job
which was available in significant num-
bers in Baltimore, the area in which Mrs.
Hayes resided. In so doing, the Hearing
Officer relied on the testimony of a vo-
cational expert who based his answer up-
on the Hearing Officer's following hypo-
thetical summary of the plaintiff's al-
leged medical impairments—which sum-
mary the Hearing Officer in substance
subsequently adopted as his own medical
findings:

> Now assuming I find that Mrs.
> Hayes as of March 31, 1970 had a
> bronchial condition which brought
> about much histrionic exertion, some
> anemia secondary to the respiratory
> conditions, minimal dire changes in the
> sigmoid colon so that she was not able
> to exert beyong [sic] a mild exertion
> without dyspnea but that her heart was
> functioning satisfactorily, she has no
> evidence of a significant heart disease.
> Would she in your opinion be capable
> of performing her former duties in
> the bookbinding industry?[1]

The Hearing Officer, in his opinion filed
August 14, 1972, wrote in part as follows:

> * * * On the assumption proposed
> by the Hearing Examiner that the

---

1. Transcript of Administrative Record [hereinafter referred to as "TR."], p. 69.

claimant is suffering from a chronic obstructive lung disease which requires her to work in a non-dusty atmosphere and that her vital capacity is limited to sedentary work, with a minimal amount of standing and walking about, the vocational expert testified that under such an assumption, the claimant should be able to perform light factory work of a sedentary nature involving the packing and wrapping of light materials. She should also be capable under such an assumption of engaging in light electronics assembly work. Such jobs would not impose any particular physical strain upon the claimant and exists in considerable numbers, both in the Baltimore area in which the claimant resides and in the national economy generally.[2]

But the following different assumption made by the Hearing Officer—which substantially embodied Mrs. Hayes' contentions—and the hypothetical question based thereon put by the Hearing Officer to the vocational expert, led to the following colloquy:

Q  Now supposing I find that as of March 31, 1970 or prior to that time in addition to the impairments I mentioned Mrs. Hayes has chronic obstructive lung disease and she had a heart attack with congestive heart failure for which she has to take five or six kinds of medication a day that she becomes short of breath upon walking a block or less, she has aches and pains in various parts of the body and does a great deal of coughing, her legs are impaired because of poor circulation and there is back pain would she under these medical conditions that I mentioned be able to return to any of the former jobs?

A  I wouldn't think so you list a great number of symptoms that I believe that taken together they would make it extremely difficult for her to, I guess—

Q  Would that also apply to any other types of jobs which exist in the economy?

A  Well the only kind of jobs that I think of would be those that could be done in one's own home and perhaps telephone solicitation where one sells items by calling people and you're in your own home all you really have to do is handle the telephone, perhaps keep records and these kinds of jobs are available.

Q  From your experience are these remunerative enough to provide a person with a reasonable income? These telephone solicitation jobs?

A  I guess it depends on what the person needs, the pay would generally not be very high.

Q  What do you call not very high? What do you average on those jobs?

A  I don't have specific figures I could say a low paying job.

Q  From what you've observed of Mrs. Hayes here and you being a psychologist and a vocational counselor do you believe that she could make any kind of a livelihood out of one of those jobs?

A  The number of hours would probably be limited as were mentioned in the assumptions that you gave me. It probably would be, the money would be small.

Q  That would not be a realistic employment goal?

A  Not if a—

Q  *Under the assumptions I gave you I'm giving her the benefit of all of her complaints as you understand.*

A  Right. I'll retract that on the basis of the fact that the amount of money brought in would be quite small and probably would not be, would not make the difference to her to even attempt it. [Emphasis supplied.][3]

2. TR., p. 12.

3. TR., pp. 71–73.

Three witnesses testified at the hearing: the vocational expert called by the Hearing Officer; and Mrs. Hayes and her husband who were called by Mrs. Hayes. At the commencement of the hearing, the Hearing Officer notified Mrs. Hayes of her right to counsel. But the Hearing Officer in no way emphasized to Mrs. Hayes the *desirability* of her obtaining counsel, at least as far as the record reveals.[4]

The absence of counsel in this case is particularly egregious. On more than one occasion during the hearing, Mr. and Mrs. Hayes seemed to have stated or to have indicated that Mrs. Hayes had been advised by one or more doctors, during and after an illness in 1966, not to return to work but that one or more other doctors disagreed.[5] Unfortunately, the record does not reveal what any doctor states he ever advised Mrs. Hayes to do or not to do with regard to returning to work after 1966, or whether any doctor either before or after March 31, 1970 ever stated, on the basis of an examination of Mrs. Hayes or of any medical history, that she was able or not able to work at any time on or after her illness in 1966. *Cf.* Martin v. Secretary, 492 F.2d 905 (4th Cir. 1974). Further, the Hearing Officer, on the basis of his summaries of what several doctors had concluded about one or more but less than all of Mrs. Hayes' medical problems, picked and chose his way among those problems with no overall medical guidance or opinion and without ever disclosing if he (the Hearing Officer) knew what any doctor had concluded about the totality of Mrs. Hayes' health, or lack of health, and her ability or inability to work.[6] What the record does reveal is that Mrs. Hayes was gainfully employed for many years before 1966 and that she seemingly was a woman who got upset when she was hospitalized and was an independent type of person who didn't seek Social Security disability payments even after her illness until her husband became ill and the family unit encountered a severe economic pinch.

The cause of Mrs. Hayes' death is not disclosed by the record. And whether Mrs. Hayes' death was caused by any one or a combination or all of the medical complaints she voiced during the hearing on May 11, 1972 would in any event in no way establish that the Hearing Officer wrongfully found that Mrs. Hayes had failed to establish that she was disabled on March 31, 1970. What, however, should have been brought out and determined before the Hearing Officer filed his opinion on August 14, 1972 was the opinion of one or more doctors who treated or examined Mrs. Hayes before or after March 31, 1970, or of one or more non-treating doctors who on the basis of the medical records could have been asked to express an opinion, as to whether Mrs. Hayes was disabled on or before March 31, 1970. That question can presumably still be put to one or more of such doctors. For that reason, a remand is in order in this case. While the record contains only conclusive hearsay statements by Mr. and Mrs. Hayes that Mrs. Hayes received medical advice that she couldn't or shouldn't work after her 1966 illness and while therefore Mrs. Hayes may be said to have failed to establish that she became unable to engage in substantial gainful activity on or before March 31, 1970, it is inequitable to permit remedial legislation to be administered in the context of a Hearing Officer permitting a claimant with little formal education or sophistication to rest her case without either being advised that the Hearing Officer himself would, or that she herself and/or her husband could, if she or he so desired, obtain written or oral testimony from one or more of the treat-

---

4. TR., p. 22. *See* the discussion in Kaufman, "District Court Review of Department of Health, Education and Welfare Decisions," 26 Administrative Law Review 113 (1974).

5. TR., pp. 35, 41, 50–51, 55, 57–58, 64, 75.

6. The Hearing Officer rightly recognized that such further information was potentially necessary. TR., pp. 59–62, 64, 78–79. The list of exhibits reveal, however, that no subsequent examinations and/or opinions were received, at least as far as the record in this case reveals.

ing or examining doctors as to the content of their advice to Mrs. Hayes prior to March 31, 1970 with regard to returning to work or the opinion of such doctor or doctors, arrived at before and/or after that date, as to what Mrs. Hayes could or should have done in that regard from a sound medical point of view.

On remand counsel for Mrs. Hayes' estate and/or the Government can pursue such inquiry and obtain the answer or answers thereto and present same in writing and/or orally at a further administrative hearing, and can also, if they desire, address their questions to one or more. treating or non-treating doctors who specialize in physical or rehabilitative medicine and who hopefully can correlate Mrs. Hayes' medical history and express an overall opinion based on review of the totality of Mrs. Hayes' medical condition.

For the reasons set forth hereinabove, the within case is hereby remanded to the Secretary of Health, Education and Welfare for further administrative proceedings in accordance with this opinion.

