Virginia C. POWELL, Plaintiff,

v.

SECRETARY, HEALTH, EDUCATION & WELFARE, Defendant.

Civ. A. No. 75–0028(L).

United States District Court,
W. D. Virginia,
Lynchburg Division.

Feb. 2, 1976.

**1178**

Wilson Morrow Miller, Buena Vista, Va., for plaintiff.

E. Montgomery Tucker, Asst. U. S. Atty., Roanoke, Va., for defendant.

## OPINION and JUDGMENT

DALTON, District Judge.

This action was brought by claimant, Virginia Powell, pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Secretary of Health, Education and Welfare denying the claimant a period of disability and disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423. Plaintiff filed an application for a period of disability and disability benefits on August 13, 1973, alleging that she first became unable to engage in substantial work in January of 1973 because of "arthritis in all joints."

This application was denied and an evidentiary hearing was held. The Administrative Law Judge rendered a decision adverse to the plaintiff on January 16, 1975. The Appeals Council reviewed this decision and then affirmed it. This action of April 23, 1975 represents the final decision of the Secretary and as such is reviewable by this court, 42 U.S.C. § 405(g). For purposes of review, plaintiff must have established that her disability began on or prior to April 23, 1975. She will continue to satisfy the earnings requirement for disability purposes until December 31, 1977.

The evidence in this case establishes that plaintiff is fifty one years old and has an eighth grade education. She is married and has two children. She has a long history of employment in the textile industry beginning in 1945. She has not worked since January 19, 1973. At that time, she was retired on disability by her employer because she couldn't control her balance and couldn't lift the heavy objects required of her employment. She testified that at that time her mouth and chest hurt and she couldn't catch her breath half the time. (Transcript, p. 26).

After that time, plaintiff saw a number of physicians concerning her medical problems. She complained of various problems including a pain in her mid-dorsal area which she related to a previous accident, general arthritic pains including an inability to pick up heavy objects, anxiety, nervousness, and insomnia. However the medical reports of these various physicians tended to conclude that plaintiff was overstating her arthritic condition.

Dr. Edgar Weaver who saw the plaintiff on January 27, 1972 concluded that she probably had some "hypertrophic changes" in the dorsal spine but also traced the source of her pain to "rather severe anxiety psychoneurosis." Dr. William Weller felt after viewing lateral x-rays of plaintiff's dorsal spine that there was some minimum "hypertrophic degenerative change," but otherwise the views were negative. Dr. Edwin Palmer reported essentially negative findings after a thorough physical examination and laboratory tests. He noted only that x-rays of her hand revealed "minimal ar-

thritic changes" and that Dr. Richard Newton who had also examined her had concluded that her "arthritic complaints are somewhat out of proportion to the objective findings."

Dr. Charles Smith concurred with the other doctors that his findings revealed only "minimal arthritic change." Dr. Thomas de Beck, a specialist in neurology, concluded that the plaintiff did have some arthritis, but was "tense and nervous" and probably needed further psychiatric evaluation. Dr. Gerald Roller, an internal medicine specialist, found "some degenerative changes of the dorsal spine" in his x-rays, but called this "otherwise not remarkable." He suggested that the plaintiff lose weight. The only physician to suggest that the plaintiff has a totally disabling disease is her regular attending physician, Dr. McClung. Dr. McClung, who was apparently responsible for referring the claimant to these other aforementioned specialists notes that the general tone of their reports is that her "joint complaints are out of proportion to objective findings" and that she had been unresponsive to her prescribed medicine. Nevertheless in a short note written to plaintiff's former attorney on February 11, 1974, Dr. McClung expressed the opinion that "Virginia Powell is totally disabled due to reasons already given."

At the plaintiff's hearing, a vocational expert, Dr. Thomas Cook, testified that there do exist simple routine tasks such as "information desk attendant," "cashier," or "hotel clerk" which the plaintiff could perform. Only if there could be assumed a severe swelling and pain in the hands would Dr. Cook conclude that plaintiff could not perform such jobs.

 The sole issue before this court is whether the findings of the Administrative Law Judge are supported by substantial evidence and if they are this court must affirm or whether there is "good cause" to call for a remand of this case. 42 U.S.C. § 405(g). While plaintiff's attending physician expresses the opinion that plaintiff is totally disabled, the clear weight of the medical evidence is that plaintiff's complaints of arthritis are somewhat distorted. An attending physician's opinion is entitled to substantial weight, but it is certainly not binding on the Secretary. *Heslep v. Celebrezze*, 356 F.2d 891 (4th Cir. 1966). Rather, this opinion must be weighed against contrary opinions before a final decision is made. If contrary opinions preponderate, it is within the discretion of the Administrative Law Judge to conclude that a claimant's impairment is not so severe as to disable her from gainful employment. *Durham v. Gardner*, 392 F.2d 168 (4th Cir. 1968). *Ross v. Gardner*, 408 F.2d 882 (4th Cir. 1969).

Arthritis is of course a disease that develops over time and one that can be suffered in varying degrees of severity. Its effect is caused by its limitation on the mobility, flexion and bending imposed by such a condition. The general consensus of the medical reports is that plaintiff's arthritic condition is overstated and that she only has minimal physical limitation on her movements.

 Plaintiff attempts to assert, however, that it is not only her back injury and joint arthritis, but her pain, nervousness, and anxiety that prevent her from working. But it is settled law that the burden of proof rests on the plaintiff to establish her entitlement to disability insurance benefits under the Social Security Act. *Blalock v. Richardson*, 483 F.2d 773 (4th Cir. 1972). While pain in itself can be disabling, subjective evidence of pain can be overcome by medical evidence to the contrary. *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1973), *Darter v. Cohen*, 299 F.Supp. 473 (W.D.Va.1969). Several of the examining physicians in this case traced plaintiff's pain to severe anxiety, menopausal syndrome, marital problems, and obesity. Emotional problems of chronic anxiety that aggravate physical injury are not sufficient if they do not functionally impair the claimant from engaging in gainful employment. *Ryan v. Secretary of Health, Education and Welfare*, 393 F.2d 340 (9th Cir. 1968). It is significant that none of the medical authorities other

than Dr. McClung could conclude plaintiff was incapable of gainful employment. Other reports, however, indicated that plaintiff didn't need help from a neurological standpoint, was "disability and social security oriented," had a normal EEG, and was "alert with no demertia."

Dr. Cook, the vocational expert, felt that plaintiff could engage in gainful employment unless she had severe swelling and pain in her hands. The medical reports do not suggest that this condition exists.

■ Under the law, a physical or mental impairment is one that results from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Substantial evidence supports the view that plaintiff's inability to work is not by reason of such an ailment. Accordingly, the decision of the Secretary in this action is hereby affirmed. The clerk is requested to certify a copy of this opinion to counsel for plaintiff and defendant.