**Helen TEAL**

v.

**F. David MATHEWS, Secretary, Department of Health, Education & Welfare.**

**Civ. A. No. Y-75-1602.**

United States District Court,
D. Maryland.

Oct. 28, 1976.

---

Dennis M. Sweeney, Baltimore, Md., for plaintiff.

John W. Sheldon, Baltimore, Md., for defendant.

MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff, Helen Teal, filed this action on November 7, 1975 to obtain judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Secretary of Health, Education and Welfare, who denied plaintiff's claim for disability benefits.

This case is before the court on a motion by plaintiff to reverse or in the alternative, to remand to the Secretary and a motion for summary judgment made by defendant.

The plaintiff's claim for benefits was transferred from the Maryland State Welfare Program to the Supplemental Security Income Program on January 1, 1974. (Tr. 10). After evaluation, the Bureau of Supplemental Security Income notified plaintiff on May 30, 1974 that her entitlement to Supplemental Security Income benefits had terminated because she had not received a payment as a result of a disability from a state or local public assistance office for at least one month prior to July, 1973, and she did not meet the definition of disability prescribed by federal law. On October 30, 1974, plaintiff requested a reconsideration, and on November 14, 1974, the initial disallowance was affirmed. On November 27, 1974, the plaintiff filed a request for hearing. (Tr. 10). A hearing was held on March 12, 1975, after which the Hearing Examiner decided that the plaintiff was not under a "disability" and was not prevented from engaging in "substantial gainful activity", and was not eligible for Supplemental Security Income. (Tr. 16). On April 25, 1975, plaintiff filed a request for review by the Appeals Council. (Tr. 8). The decision of the Hearing Examiner was affirmed by the Appeals Council on September 24, 1975. (Tr. 3). Thereupon, plaintiff filed this action for review of the decision of the Appeals Council.

At the time of the hearing, plaintiff was 56 years old (Tr. 29) and was living with a girlfriend. (Tr. 30). Plaintiff testified, with regard to her daily activities, that she washes her own clothes (Tr. 42), does a little cooking (Tr. 42), and generally spends her days visiting with her friends and father (Tr. 40, 41), and goes to the nearby store for him. (Tr. 41).

The medical evidence in the record reveals that plaintiff suffered three fractures of her right leg. The discharge summary of Maryland General Hospital, where the third injury was treated, discloses that as a result of the first and second operations, a side plate had been inserted in plaintiff's right femur and a Smith-Petersen nail in plaintiff's right hip. (Tr. 89). The result of the third fracture was a posterior angulation. (Tr. 90). The medical reports of Dr. Elmer Ellsworth Cook, Jr., who examined plaintiff on eight occasions between March 7, 1963 and July 18, 1974 confirmed this medical history (Tr. 103), and also reported leg edema (Tr. 100) and increased emotional tension (Tr. 103).

Plaintiff testified at the hearing that she has some swelling in her leg (Tr. 46), that it bothers her in bad weather (Tr. 44), that one leg is an inch shorter than the other (Tr. 33), and that her feet are sore (Tr. 47). She may have been diagnosed for cirrhosis of the liver two years earlier. (Tr. 51). Generally, she said she has bad teeth (Tr. 56), that she has dizzy spells (Tr. 43), that she is tired (Tr. 48), nervous (Tr. 54), and too old to work (Tr. 70).

Plaintiff also testified as to her medications. She said that she is taking phenobarbital, fluid pills, and cough syrup. (Tr. 42).

With respect to her prior work history, plaintiff testified that she left school after the seventh grade and worked as a domestic (Tr. 32), capping bottles and running errands in a distillery (Tr. 37), boxing mail (Tr. 33), as a barmaid (Tr. 34), in several factories packing jars and working at tables (Tr. 35), as a superintendent (Tr. 35), and babysitting (Tr. 38).

A vocational expert, Dr. Ronald A. Ziegler, was also present at the hearing. After hearing the testimony of plaintiff, and being asked several questions by the Hearing Examiner, Dr. Ziegler testified that several types of sedentary, bench-work factory jobs existed in the economy and that these were in keeping with plaintiff's prior work history.

478

## CONCLUSIONS OF LAW

The issues before this Court are whether the findings and decision by the Secretary are supported by substantial evidence and whether there is good cause to remand for a new hearing.

In reviewing the Secretary's decision, the following standard must be applied:

The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . .

42 U.S.C. § 405(g) (1970); 42 U.S.C. § 1383(c)(3) as amended Pub.Law 94–202, January 2, 1976. Substantial evidence has been defined as that evidence which a reasonable mind would accept to support a particular conclusion. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Carter v. Secretary of Health, Education and Welfare,* 532 F.2d 749 (4th Cir.). The Administrative Law Judge must make explicit findings on all facts that are essential to the conclusion of ineligibility. *Smith v. Weinberger,* 394 F.Supp. 1002 (D.Md.1975). However, the Secretary, and not the courts, must weigh the evidence and resolve any conflicts. It is immaterial that evidence before the Secretary would permit another conclusion, *Thomas v. Celebrezze,* 331 F.2d 541 (4th Cir. 1964); *Snyder v. Ribicoff,* 307 F.2d 518 (4th Cir. 1962), so long as there is evidence to justify a refusal to direct a verdict were the case before a jury. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966); *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972).

In addition, a court must investigate whether the Administrative Law Judge (formerly Hearing Examiner) considered four essential factors in reaching his decision: a) objective medical facts as reported by examining physicians; b) the medical opinions of these doctors; c) subjective evidence of pain and disability, as testified to by the claimant and corroborated by other evidence; d) the claimant's background, work history, and present age. *Hicks v. Gardner,* 393 F.2d 299 (4th Cir. 1968); *DePaepe v. Richardson,* 464 F.2d 92 (5th Cir. 1972).

In the present case it appears that the Hearing Examiner did consider each of the above factors. Based on the medical evidence and plaintiff's testimony, he found that the plaintiff suffered three fractures of her right leg, and the resultant existence of pins and plate in that leg, occasional pain and weakness, and edema. (Tr. 16). He found that plaintiff had previously worked at unskilled jobs, including general factory work, and that these impairments would not prevent her from returning to factory work of this type. (Tr. 16). He thus concluded that the plaintiff was not prevented from performing occupations consistent with her prior background and work history.

On appeal, plaintiff argues that the Hearing Examiner improperly refused to consider her subjective complaints without objective medical evidence. These subjective complaints included plaintiff's testimony that she is too tired and nervous to work.

In support of this criticism, plaintiff cited several cases which were remanded for failure of the Hearing Examiner to consider subjective evidence. These cases, however, are clearly distinguishable from the present one; and, taken together, they present contrary dicta.

In *Young v. Weinberger,* 366 F.Supp. 81 (D.Md.1973), claimant was suffering from blackouts which escaped physiological explanation. That was a case of testimony of an objective nature, corroborated by doctors and family, even though unexplained by medical evidence. In *Zambrana-Domenech v. Secretary of Health, Education and Welfare,* (1974), 370 F.Supp. 399 (D.P.R.1974), claimant suffered from a back ailment with resulting symptoms of pain and discomfort. The medical evidence on the record corroborated and supported these subjective symptoms. In *Page v. Weinberger,* CCH 17,373 E.D.Tex. (August 1, 1973), there was overwhelming evidence presented by the claimant and his neighbors as to the effect of claimant's fractures on his ability to work contrasted by conflicting medical evidence.

In *Longo v. Weinberger,* 369 F.Supp. 250 (E.D.Pa.1974), the Hearing Examiner ignored reports of several doctors which corroborated claimant's testimony of pain and suffering from arthritis and bursitis.

While these cases do support the rule that the Hearing Examiner must consider subjective evidence in reaching his conclusion, there is a common denominator implicit in them which is absent in the present case. The cited cases dealt with testimony as to the pain arising from the medically observable impairments, or with overwhelming testimony as to the total effect of the impairments on the person. *See also, Underwood v. Ribicoff,* 298 F.2d 850 (4th Cir. 1962); *Dillon v. Celebrezze,* 345 F.2d 753 (4th Cir. 1965).

▮ Plaintiff here did not stress the pain resulting from her leg operations, as to which the Hearing Examiner did inquire and which he did consider, but rather, asserted separate ailments. In the cited cases, separate ailments were corroborated by symptoms, occurrences, or testimony by other people. Plaintiff failed to corroborate her assertions with any facts or symptoms. The credibility and weight to be given such testimony is in the judgment of the Hearing Examiner. In evaluating the evidence, the Hearing Examiner may consider credibility and even the absence of objective evidence. *Longo v. Weinberger, supra.* Thus, plaintiff's testimony as to her nervousness and fatigue is not conclusive and the Hearing Examiner's decision to give it little weight is not a fatal error.

▮ Plaintiff has thus failed to establish that the Secretary's findings are not supported by substantial evidence. Therefore, plaintiff's prayer for reversal of the Secretary's decision must be denied.

As an alternative to reversal, plaintiff requests that this court remand for a new hearing. To support this motion, plaintiff attempts to establish several defects in the hearing procedure, which, she claims, constitute good cause for remand. However, these errors, taken singly or together, do not warrant a finding that plaintiff was denied a full and fair hearing, and do not justify a remand for a new hearing.

▮ One such "defect", plaintiff argues, is found in the testimony of the Vocational Expert, in that it was based on an incorrect premise. This she supports by the following exchange: Before answering the Hearing Examiner's question whether a person of the age, education, and background of plaintiff could perform any work, the Vocational Expert asked:

The occasional swelling, how often would it happen, would it take her out of work.

The Hearing Examiner replied:

Well, why don't you comment about that as it would—let's—let's say that it was, first of all, that it was comparatively rare. But then, you might, in your answer, indicate what degree it might be significant if it ever became more than comparatively rare. (Tr. 60).

Plaintiff argues since that "comparatively rare" was a variable factor, never specifically dealt with by the Vocational Expert, the term was understood and applied differently by the Hearing Examiner and the Vocational Expert. This conclusion simply does not follow. The Vocational Expert was present throughout the plaintiff's testimony and reviewed all the medical evidence in the record. He heard the testimony on which the assumption "comparatively rare" was based. His testimony is based on the same evidence that the Hearing Examiner had in mind and uses the words in the same context.

Plaintiff's reliance in this regard on *Davis v. Weinberger,* Civil No. Y–74–546 (April 23, 1975), is totally misplaced. That case involved hypothetical assumptions posed to a Vocational Expert which had no evidentiary basis in the record. In the present case, the Hearing Examiner did not give hypothetical facts as to plaintiff's working ability and physical capability, but merely instructed the expert to give plaintiff the benefit of the doubt in answering the question.

Plaintiff's additional basis for claiming that the expert's testimony was defective is

that she was not given an opportunity to cross-examine the expert. This is simply not supported by the record. Although plaintiff did not formally cross-examine the witness, she did interrupt his testimony several times. At those times, she never contested the validity of his findings, but only expressed her disapproval of them. For example, she said:

. . . cause I didn't come out here to look for a job, because I can get myself a job. (Tr. 66).

\* \* \* \* \* \*

If you're going to put me in some kind of work, I—I prefer to pick my own work. (Tr. 66).

\* \* \* \* \* \*

Well, I don't see why I would have to go to work. I think I'm at the age and everything—I should be retired. (Tr. 70). When the Hearing Examiner asked her if she had any comments on the expert's testimony after he was excused, plaintiff replied,

I have nothing to comment on about what you said. (Tr. 69).

Plaintiff next asserts that she did not effectively waive her right to counsel since, when the Hearing Examiner asked her if she wanted to proceed without counsel, he did not inform her that free legal counsel was available. She argues that since her waiver was based on the mistaken assumption that she would have had to have hired her own attorney, she was not afforded a full and fair hearing.

■ In fact, plaintiff has not been prejudiced by the lack of counsel to the degree illustrated by cases which have remanded on this ground. For example, in *Hayes v. Secretary of Health, Education, and Welfare,* 381 F.Supp. 1031 (D.Md.1974), absence of counsel was found to be "particularly egregious", *supra* at 1033, where it was necessary to present the testimony of doctors whose opinions differed and claimant was incapable of presenting it herself. In *Rosa v. Weinberger,* 381 F.Supp. 377 (E.D. N.Y.1974), claimant did not speak English and the medical reports were in conflict as to the severity and effect of plaintiff's ailments. In *Snodgrass v. Mathews,* CCH 14,- 434 (W.D.Mo., August 29, 1975), the court found that the Secretary's finding that claimant was capable of returning to his prior occupation was not supported by substantial evidence and suggested that claimant be represented at the new hearing so the material evidence would be properly presented. The present case does not present these types or degrees of prejudice, but rather falls within the majority of cases described in *Easley v. Finch,* 431 F.2d 1351, 1353 (4th Cir. 1970):

Although only about five percent of all applicants are represented by counsel at the initial and reconsideration stages, the majority of claims are allowed. This hardly suggests the existence of widespread unfairness to applicants unrepresented by counsel or of procedural or other hurdles which are insurmountable by laymen.

■ The right to counsel in an HEW hearing is significantly different than the same right in a court proceeding. Since a hearing is not an adversary proceeding, the lack of counsel, in and of itself, is not sufficient cause for remand. *Hess v. Secretary of Health, Education and Welfare,* 497 F.2d 837, 840, n. 4 (3rd Cir. 1974); *Davis v. Richardson,* 460 F.2d 772 (3rd Cir. 1972); *Domozik v. Cohen,* 413 F.2d 5 (3rd Cir. 1969). Remand on this ground is necessitated only where there is a showing of unfairness, prejudice or procedural hurdles insurmountable by laymen. *Easley v. Finch, supra; Storck v. Weinberger,* 402 F.Supp. 603, 608, n. 1 (D.Md.1975). No such showing has been made in the instant case.

Plaintiff's next allegation centers around the Hearing Examiner's failure to obtain medical reports not in the record. She argues that he is under an obligation to obtain this additional medical evidence and his failure to do so is, in and of itself, cause for remand.

Factually, plaintiff had responded to a question regarding her alcoholic history by saying that a doctor in New York may have

diagnosed cirrhosis of the liver about two years earlier. (Tr. 51–52, 55–56). In addition, the medical exhibits which are in the record note that plaintiff's leg was treated at other hospitals, whose reports are not in the record. (Tr. 110, 113).

■ These facts show that there was additional evidence available. However, the mere existence of additional evidence is not sufficient cause for remand. It must be shown that the missing records are not merely cumulative of the evidence already in the record, or irrelevant to the basis for the Hearing Examiner's decision, but are necessary for the development of the facts of the claim, *Taylor v. Secretary of Health, Education and Welfare*, 362 F.Supp. 952 (D.Kan.1973); or that the missing reports are in direct conflict with and contradictory of the reports on record, *Byrd v. Richardson*, 362 F.Supp. 957 (D.S.C.1973); *Forbes v. Finch*, 307 F.Supp. 1000 (E.D.Tenn.1969); or that there was a significant lack of important factual data, as in *Hess v. Secretary of Health, Education and Welfare*, 497 F.2d 837 (3rd Cir. 1974), where there were no reports of treating doctors.

■ The lack of the other hospital records and possible diagnosis of cirrhosis thus was not fatal in the findings. Additional hospital records on this issue would be unnecessary since the Hearing Examiner found that plaintiff was suffering a leg impairment. The denial of benefits was based, not on the non-existence of a leg impairment, but rather on plaintiff's ability, in spite of this impairment, to engage in substantial gainful activity. As to the cirrhosis report, plaintiff did not claim to have had any difficulties stemming from cirrhosis, nor did she claim that the results of those tests would substantiate her subjective complaints. In fact, the reports of plaintiff's treating physician, whose reports are in the record, show that he examined the plaintiff after the date of this possible diagnosis (Tr. 100), that he is a specialist in internal medicine, and that he did not report any cirrhosis. In contrast, the absent report is merely a possible diagnosis of cirrhosis, made two years earlier in tests that

plaintiff and her physician have been unable to obtain thus far, taken by a center whose name she cannot remember. Evidence of such a speculative nature, as compared with the evidence which did appear in the record and in plaintiff's own testimony as to her complaints and disability, can hardly be said to meet the standards exemplified by the above cited cases.

Plaintiff's final argument, that the case be remanded for failure of the Hearing Examiner to order a consultative orthopedic or psychiatric examination of her, is totally without merit. Neither was necessary for a fair determination of plaintiff's claim.

■ An orthopedic examination was unnecessary, as the medical evidence and plaintiff's testimony were not in any conflict. A psychiatric examination was also unnecessary and plaintiff's reliance, in this regard, on *Stokes v. Weinberger,* Civil No. 72–1068–Y, Memorandum and Order (May 6, 1974), is totally misplaced. In that case, the medical evidence recommended psychiatric treatment and the claimant's behavior at the hearing so obviously showed that he did not understand the proceedings that the Hearing Examiner himself proposed a discontinuance. In the present case, there was no medical evidence or history of any psychiatric problems and it is obvious that plaintiff understood the nature and import of the proceeding.

For the foregoing reasons, it is clear that the findings of the Secretary are supported by substantial evidence and that plaintiff was afforded a full and fair hearing. Plaintiff's allegations, taken individually or in the aggregate, are insufficient to warrant a remand for a new hearing.

Accordingly, it is this 28th day of October, 1976, by the United States District Court for the District of Maryland, ORDERED:

1. That plaintiff's Motion for Remand be, and the same hereby is DENIED.

2. That defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED.

3. That the Clerk mail copies of this Memorandum and Order to Dennis M. Sweeney, Esquire, counsel for plaintiff, and to John W. Sheldon, Assistant United States Attorney.