Frank E. JUSTUS

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare.

Civ. A. No. 77–0045–B.

United States District Court,
W. D. Virginia,
Big Stone Gap Division.

Jan. 11, 1978.

William H. Robinson, Abingdon, Va., for plaintiff.

Paul R. Thomson, Jr., U. S. Atty., Roanoke, Va., for defendant.

OPINION and ORDER

TURK, Chief Judge.

Plaintiff, Frank E. Justus, has petitioned this Court to review the final decision of the Secretary of Health, Education

and Welfare denying his entitlement to social security disability benefits. Jurisdiction of this Court is pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). That section provides in part that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." The only issue before this Court is whether the Secretary's decision is supported by substantial evidence. If it is this Court must affirm. *Laws v. Celebrezze,* 368 F.2d 640 (4th Cir. 1966). Substantial evidence is defined as such relevant evidence, based on the record as a whole, as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

The claimant is 39 years old, has a seventh grade education and last worked in October of 1971 as a crane operator. He has also worked as a coal loader, a truck driver and a laborer in a steel mill. Training as a locksmith was received as part of a rehabilitative program following an accident resulting in plaintiff's undergoing a laminectomy in April 1971. Disability is alleged to be due to lower back pain caused by this accident and to an anxiety neurosis. After a hearing, the Administrative Law Judge concluded that claimant's impairments, while sufficient to prevent him from returning to his former employment, would not prevent him from performing alternative light and sedentary jobs existing in the national economy. On this basis it was found that plaintiff was not under a disability as defined in the Act.

The medical evidence establishes that claimant suffers from the residuals of a laminectomy with chronic lumbosacral strain resulting in recurrent lower back pain. The laminectomy occurred in April of 1971 (Tr. 172). Subsequently, claimant was examined by the surgeon who suspected a possible recurrence (Tr. 166, 167). In February of 1972, plaintiff was hospitalized for back pain and placed in a body cast (Tr. 176). Other evidence showed a concurrence of medical opinion that while the plaintiff could not perform heavy labor, he could engage in a light, fairly sedentary type of occupation permitting some changes of position (Tr. 191, 198, 199, 201, 202). Psychological evaluation revealed a chronic anxiety neurosis involving a feeling of invalidism related to his back injury. (Tr. 217, 223, 225, 228).

At the hearing, claimant testified that he suffered from severe back pain most of the time, was nervous and had memory problems (Tr. 44). He stated that he could remain standing for only a hour or two and could not remain in a seated position for very long (Tr. 46). Plaintiff further testified that he could not do much around the house, that he straightened up a little but spent most of his time watching television (Tr. 63). Also, he said he has to use a traction apparatus in his home on frequent occasions (Tr. 56). His mother, with whom he now lives, and a friend substantiated this testimony (Tr. 69–71).

Dr. Tom J. Irwin, a vocational expert, was present at the hearing and had previously examined claimant's file. He stated initially that plaintiff possesses transferable skills, specifically fine eye-hand coordination, from working as a crane operator and training as a locksmith (Tr. 77, 78). When asked if a person of plaintiff's background suffering from the residuals of back surgery and resultant pain precluding heavy exertion, who could lift no more than 10 pounds occasionally, who needed to be able to sit and stand at will, who could use his hands for grasping and fine manipulation but not for prolonged pushing and pulling could find substantial gainful employment, Dr. Irwin answered affirmatively. Specifically he mentioned electronics assembly and machine tending as light/sedentary jobs that would allow alternate sitting and standing (Tr. 79–82). The Administrative Law Judge then added to the above hypothetical an emotional condition resulting in a low tolerance for frustration and concentration difficulties. Dr. Irwin stated that all of the jobs he had mentioned contemplated a 40 hour work week, and that if such a condition rendered a person incapable of performing he would be unemployable (Tr. 82–84). Finally, Dr. Irwin ex-

pressed the opinion that a person subject to pain and discomfort from minimal activity to the extent that bed rest and the use of home traction would be required two or three days at a time could not find substantial gainful employment (Tr. 84–85).

For purposes of the Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Title 42 U.S.C. § 423(d)(2)(A) further defines when an individual's physical or mental impairment is of sufficient severity so as to be disabling:

> An individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence . . ., "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

The claimant has the burden of proving such a disability. *Blalock v. Richardson,* 483 F.2d 773 (4th Cir. 1972). Once a plaintiff establishes a *prima facie* case of disability, however, the burden of going forward shifts to the Secretary. *Wyatt v. Weinberger,* 519 F.2d 1285 (4th Cir. 1975). A *prima facie* case is established when it is proven that the claimant is unable to perform his customary occupation due to a medical condition and, consequently, the burden of going forward shifts to the Secretary. *Thorne v. Weinberger,* 530 F.2d 580 (4th Cir. 1976); *Taylor v. Weinberger,* 512 F.2d

664 (4th Cir. 1975). The Secretary's resulting burden is two-fold:

> First, he must show that claimant, considering his age, his education, his work experience, his skills and physical shortcomings, has the capacity to perform an alternative job. Second, this job must be shown to exist in the national economy. *McLamore v. Weinberger,* 538 F.2d 572, 574 (4th Cir. 1976).

In the present case, the claimant established a *prima facie* case of disability by demonstrating his inability to return to his previous employment while meeting the earnings requirements of the Act. This fact placed upon the Secretary the burden of going forward with evidence to demonstrate alternative work which the claimant was capable of performing.

Plaintiff here contends that the Secretary has not met this burden and requests this Court to remand this case to the Secretary for further medical and psychiatric evaluation. Under § 205(g) of the Act, 42 U.S.C. § 405(g), the plaintiff has the burden of showing that there is "good cause" to remand. *Martin v. Richardson,* 325 F.Supp. 686 (W.D.Va.1971). The "good cause" alleged here is that substantial evidence does not support the Administrative Law Judge's finding and that additional medical and psychiatric evidence is needed to provide an adequate foundation for a decision. The combined evidence as to plaintiff's physical impairments clearly supports a conclusion that the claimant could perform the type of jobs described by the vocational expert. Furthermore, an anxiety condition must be shown to impair the claimant's functional ability to engage in gainful employment. *Powell v. Secretary of HEW,* 408 F.Supp. 1177, 1179 (W.D.Va. 1976). The Administrative Law Judge could reasonably conclude that the evidence as to plaintiff's anxiety condition did not satisfy this standard, and thus his decision on this point is supported by substantial evidence. Moreover, claimant has not stated what, if any, additional evidence he intends to offer and what its impact would be. Where substantial evidence supports a

finding of the Secretary, it must be shown that additional evidence bears directly and substantially on the issues decided for "good cause" to be shown. *Martin v. Richardson, supra; Harris v. Mathews,* 430 F.Supp. 1335 (D.Md.1977). A conclusory allegation that additional evidence is needed is not sufficient.

Accordingly, the decision of the Secretary is affirmed and summary judgment will be granted for the defendant.