**George DUVALL, Appellant,**

v.

**Jos. A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.**

**No. 77–1290.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 11, 1978.

Decided Feb. 1, 1978.

Dennis M. Sweeney, Baltimore, Md., for appellant.

Gwenda D. Jones, Atty. Dept. of Health, Education and Welfare, Baltimore, Md. (Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., Jervis S. Finney, U. S.

Atty., John W. Sheldon, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER, RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

George Duvall appeals from an order of the district court sustaining the Secretary's determination that Duvall was not entitled to continuing disability payments under the Supplemental Security Income Program, 42 U.S.C. §§ 1381 *et seq.*, because he was not disabled as a result of chronic alcoholism. We affirm.

As we read the opinion of the administrative law judge, which became the decision of the Secretary, Duvall was held not to be disabled on the alternative grounds that (a) under the regulations there was no evidence that Duvall had suffered end-organ damage as a result of alcoholism, and (b) there was no evidence to support the finding that Duvall was not capable of engaging in substantial gainful activity as a result of his alcoholism irrespective of the lack of evidence of end-organ damage. The administrative law judge was in error in assigning the first reason for discontinuing disability benefits, because prior to his decision the regulations had been amended to eliminate the need for a showing of end-organ damage as a condition for establishing disability by reason of alcoholism. *See* 40 Fed.Reg. pp. 30262, *et seq.* (July 18, 1975); *Martin v. Secretary of HEW*, 492 F.2d 905 (4 Cir. 1974). We agree, however, that there was substantial evidence to support the finding that Duvall had failed to show that he was incapable of engaging in substantial gainful activity because of alcoholism, irrespective of the lack of evidence of end-organ damage. It follows that the judgment of the district court affirming the Secretary's decision must be sustained.

*AFFIRMED.*