William Guy **BOYD**, Plaintiff,

v.

Richard S. **SCHWEIKER**, Secretary of Health and Human Services, Defendant.

No. 77–0052–CIV–4.

United States District Court,
E. D. North Carolina,
New Bern Division.

Sept. 21, 1981.

David P. Voerman, New Bern, N. C., for plaintiff.

George M. Anderson, U. S. Atty. by Samuel T. Currin, Asst. U. S. Atty., Civil Section, Raleigh, N. C., for defendant.

## ORDER

LARKINS, Senior District Judge:

Plaintiff William Guy Boyd brings this action pursuant to 42 U.S.C. 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the Secretary of Health and Human Services (hereinafter "Secretary"), denying his claim for disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, respectively.

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income payments on July 29, 1974. Plaintiff's applications were denied initially and on reconsideration by the Social Security Administration. Plaintiff then requested and was granted a hearing on October 14, 1975. The administrative law judge considered the case de novo and on January 30, 1976 found that plaintiff was not under a disability. Plaintiff then requested review of the hearing decision and on August 19, 1976, the Appeals Council remanded the case to the administrative law judge for further evidence and argument. On September 21, 1976, the administrative law judge held a supplemental hearing and again denied plaintiff's application. His decision was affirmed by the Appeals Council on May 25, 1977.

Subsequently, plaintiff filed a civil action in this Court after exhausting his administrative remedies. Per its order dated April 29, 1978, this Court remanded the case to the Secretary for the taking of additional evidence with respect to plaintiff's alcoholism. Repeated efforts were made to obtain additional evidence from plaintiff, but he failed to submit any further evidence to substantiate his allegations. All relevant evidence of record was reconsidered and the Appeals Council again found that plaintiff was not entitled to a period of disability, disability insurance benefits or supplemental security income. This became the final decision of the Secretary. The case is now properly before this Court, complete with full record of the administrative hearing, for judicial review upon defendant's motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.

## STATEMENT OF FACTS

The record reveals that plaintiff was 45 years old on April 1, 1974, the date plaintiff claims disability. He has completed a General Educational Development (GED) program and was in the Army for three years. (T. 53). Plaintiff has worked numerous jobs, including work as a mechanic's helper, a parking lot attendant, a painter, a handyman, and a nightwatchman. (T. 54–57). Plaintiff claims disability due to arthritis in his back, a kidney problem, high blood pressure and alcoholism.

The record shows that on July 29, 1974, doctor's progress notes from the Veterans Administration showed plaintiff complained of back trouble and dizziness. (T. 157). His blood pressure ranged from 148/90 sitting to 170/118 lying. Plaintiff was proscribed medicine for hypertension and referred to another doctor for back pain. (T. 27).

A Veterans Administration Report of Medical Examination for Disability Evaluation on November 4, 1974, revealed that plaintiff complained of painful arthritis in his right arm. The report noted that the plaintiff's blood pressure was 140/110, but that he had not been taking his blood pressure medication. The report also stated that plaintiff had no known heart trouble relative to high blood pressure and that he did not have angina. The plaintiff was diagnosed as having a hypertensive vascular disease, arthritis in the right elbow, and chronic bronchitis and gallstones. Arteriosclerosis was not found.

The record also reveals that plaintiff was hospitalized at the Veterans Administration Hospital in Fayetteville, North Carolina from March 3, 1975 to March 19, 1975. Plaintiff was diagnosed as having episodic excessive drinking, other alcoholic hallucinosis and gastritis. The hospital report stated that plaintiff received medication for hypertension and Maalox for his gastric distress. It concluded that, upon discharge on March 19, 1975, plaintiff was considered competent and able to resume work.

## LEGAL OPINION

In order to qualify for disability insurance benefits and supplemental security income payments the claimant must establish the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Section 423(d)(2)(A) further provides that an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education and work experience, engage in any kind of substantial gainful activity which exists in the national economy.

Upon review of the Secretary's decision, the jurisdiction of this Court is confined to a narrowly defined review with the purpose of determining the sole issue of whether or not the decision of the Secretary is supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Brown v. Finch*, 427 F.2d 1177 (4th Cir. 1970), and whether the administrative law judge committed errors of law with respect to conclusions reached. *Smith v. Weinberger*, 394 F.Supp. 1002 (D.Md.1975). On review of the decision denying disability under this subchapter, it is not the district court's function to reweigh the evidence or substitute its judgment for that of the Secretary. *Mims v. Califano*, 581 F.2d 1211 (5th Cir. 1978); *Crump v. Califano*, 452 F.Supp. 848 (D.Kan.1978). The district court must defer to the decision of the Secretary as long as it meets the requisite evidence standard. *Champion v. Califano*, 440 F.Supp. 1014 (D.D.C.1977). The Secretary, and not the court, must weigh the evidence and resolve any conflict in a disability case; thus, it is immaterial that evidence before the Secretary would permit another conclusion, so long as there exists substantial evidence to support the Secretary's decision. *Teal v. Mathews*, 425 F.Supp. 474 (D.Md.1976).

"Substantial evidence", under the Social Security Act, has been generally defined as "such evidence as a reasonable mind would accept as sufficient to support the Secretary's decision," *Wayne v. Finch*, 313 F.Supp. 898 (M.D.N.C.1969); *Justus v. Califano*, 444 F.Supp. 97 (W.D.Va.1978); it is more than a scintilla, but less than a preponderance, and must be based on the record as a whole. *Allen v. Califano*, 452 F.Supp. 205 (D.Md.1978); *Tyler v. Weinberger*, 409 F.Supp. 776 (E.D.Va.1976). Substantial evidence must do more than create a suspicion of the fact to be established; *Selig v. Richardson*, 379 F.Supp. 594 (E.D.N.Y.1974); *Pope v. Weinberger*, 397 F.Supp. 856 (E.D.Pa.1975); it must be enough, if trial were to a jury, to justify a refusal to direct a verdict. *Johnson v. Califano*, 434 F.Supp. 302 (D.Md.1977).

Concerning plaintiff's arthritis, the record discloses that x-rays from a report dated November 4, 1974 from the Veterans Administration, revealed that plaintiff had a mild degenerative joint disease in his right hand. Nonetheless, the administrative law judge concluded that this condition was not inconsistent with plaintiff's age and in no event was it severe enough to prevent his performing his last, usual and customary work. (T. 29). The administrative law judge also noted that the Veterans Administration reports cited plaintiff as exaggerating his symptoms. (T. 27).

With regards to plaintiff's kidney problems, the November 4, 1974 Veterans Administration report noted that plaintiff complained of low back pain and stated he could not lift anything. However, the administrative law judge cited the same report as also stating that no true spasm was found and that plaintiff seemed to exaggerate his symptoms. (T. 28).

Concerning plaintiff's high blood pressure, the record reveals that plaintiff's blood pressure as of July 29, 1974 was 148/90 sitting to 170/118 lying. (T. 26–27). Plaintiff was then given a prescription for hypertension at the Veterans Administration Hospital. A November 4, 1974 Veterans Administration Report revealed that plaintiff had a blood pressure count of 140/110, but that was a result of plaintiff's failure to take his hypertension medication. The administrative law judge admitted that plaintiff has some mild hypertension but concluded that such condition is controllable by medication. In any event, the administrative law judge found that plaintiff's mild hypertension was without significant symp-

tomatology, had not caused any end-organ damage and, thus, such condition did not interfere with plaintiff's work activity. (T. 29).

■ Plaintiff's principal impairment is his episodic excessive use of alcohol. In order for plaintiff to recover disability benefits, he must show that his alcoholism was so severe as to have prevented him from engaging in substantial gainful activity. *Duvall v. Califano*, 569 F.2d 820 (4th Cir. 1978).

Per its order dated April 29, 1978, this Court ordered a supplemental evidentiary hearing to hear further evidence of plaintiff's alcoholic problem. After proper notification, plaintiff failed to produce additional information, so the Appeals Council was limited to the expert testimony of Dr. James Woods. (T. 178). Dr. Woods testified that plaintiff suffered from alcoholism (T. 81), but that medical evidence did not show that prior to June 30, 1975 (plaintiff's alleged disability period), plaintiff had any significant alcoholism which would prevent him from working. (T. 84). Even though plaintiff was admitted to the hospital once in March 1975 because of excessive intake of alcohol (T. 169), his evidence is insufficient to show his alcoholism prevents him from engaging in substantial gainful activity. *Duvall v. Califano, supra*. This was the finding of the administrative law judge and the Secretary's final decision. This Court finds that the Secretary's decision is supported by substantial evidence.

■ Not only is plaintiff's evidence insufficient to support his claims for disability payments, his lack of cooperation with the Social Security Administration is detrimental to his claim. This Court, per its order dated April 29, 1978, ordered the Appeals Council to allow the administrative law judge to obtain additional information from the plaintiff concerning his alcoholic problem. Plaintiff, however, failed to submit any further evidence to substantiate his allegations. Failure or refusal to appear for a consultative examination at the request and expense of the Social Security Administration may alone be sufficient to support a finding that plaintiff is not under a disability, 20 C.F.R. § 404.1518, unless good reasons are shown for failure to appear. The Appeals Council found that plaintiff had not shown good reasons under 20 C.F.R. § 404.1516 (1981) for failing to appear. The Secretary adopted this conclusion as his final decision. This Court finds that such decision was supported by substantial evidence.

The administrative law judge concluded that none of claimant's impairments, either singly or in combination, was of sufficient severity to prevent his performing substantial gainful activity at any time when the plaintiff met the special earnings requirements of the Social Security Act. This conclusion became the Secretary's final decision. Based upon the foregoing opinion, this Court now finds that the Secretary applied the proper standards in reaching his decision, and that there DOES EXIST in the record of this action SUBSTANTIAL EVIDENCE in support of the finding of the Secretary.

NOW, THEREFORE, IN ACCORDANCE WITH THE FOREGOING IT IS ORDERED THAT THE DECISION OF THE SECRETARY DENYING DISABILITY INSURANCE BENEFITS TO CLAIMANT WILLIAM GUY BOYD IS HEREBY AFFIRMED. THIS ACTION IS HEREBY DISMISSED. THE CLERK IS DIRECTED TO ENTER JUDGMENT HEREON.

SO ORDERED.