Lillie R. JENKINS, Appellee,

v.

Anthony J. CELEBREZZE, Secretary of the Department of Health, Education, and Welfare of the United States of America, Appellant.

No. 9262.

United States Court of Appeals
Fourth Circuit.

Argued May 1, 1964.

Decided July 21, 1964.

**7**

Richard S. Salzman, Attorney, Department of Justice (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, and Patrick C. McKeever, Attorneys, Department of Justice, and John C. Williams, U. S. Atty., on brief) for appellant.

Kenneth M. Powell, Spartanburg, S. C., for appellee.

Before HAYNSWORTH and BOREMAN, Circuit Judges, and HUTCHESON, District Judge.

STERLING HUTCHESON, District Judge:

This appeal is from a judgment of The United States District Court for the Western District of South Carolina in an action brought for the review of a final decision of the Secretary of Health, Education and Welfare, denying claimant the establishment of a period of disability and disability insurance benefits. (42 U.S.C.A. § 405 [g] and 42 U.S.C.A. §§ 423, 416 [i].) The District Court reversed the decision of the Secretary who has filed this appeal.

Mrs. Lillie R. Jenkins, the claimant, for a number of years was an operator of sewing machines in blouse and shirt factories in South Carolina. In 1958 she filed applications for a period of disability and for disability insurance benefits. Those applications were denied and no appeal being taken the decision became final.

In January, 1961 she filed further applications which were denied by a hearing examiner, whose decision became final when the Appeals Council denied a request for review.

Title 42 U.S.C.A. § 416(i) (1) defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued and indefinite duration, * * *. An individual shall not be considered to be under a disability unless he furnishes such proof of the existence thereof as may be required."

Title 42 U.S.C.A. § 405(g) provides in part that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." See Snyder v. Ribicoff, 4 Cir., 307 F.2d 518, 520; Underwood v. Ribicoff, 4 Cir., 298 F.2d 850; Bradey v. Ribicoff, 4 Cir., 298 F.2d 855; Butler v. Flemming, 5 Cir., 288 F. 2d 591.

Under the principles laid down in the cases cited when the evidence establishes

a medically determinable ailment it then becomes necessary to consider the effect of such ailment within the framework of claimant's work history, education and age.

As laid down in Underwood, there are four elements of proof to be considered in making a finding concerning ability or inability to engage in a substantial gainful activity. Briefly stated, those are: (1) the objective medical facts, (2) the diagnoses, (3) subjective elements of pain and disability testified to by claimant, and (4) claimant's educational background, work history and age. Applying these principles to the evidence of this case we have the following situation. Claimant is a 61 year old widow with a seventh grade education, having failed to complete the eighth grade. She has no special type of education other than the training which she has received preparing her to be a machine operator. Her history of employment as a machine operator begins in 1924. After about a year and a half she became a housewife until sometime during the 1930's. With some lapses of employment, she continued in that capacity until 1957, when her physician found indications of a heart disorder, for which she has been under treatment ever since. During the winter season she suffers from severe headaches and draining infection of the ears. She has abdominal spasms and arthritis which affects her knees. Because of its adverse effect on her heart, it became necessary that she stop taking cortisone. She returned to work for a short while against the advice of her physician and her last employment was in September, 1960, when she was forced to quit work.

She lives with her son and daughter-in-law in a home which she owns. Her son supports the family and his wife looks after the two children. Under the direction of the doctor, claimant, since 1957, takes medicine each day for her heart condition and receives an injection every week. She is unable to drive an automobile and is unable to perform household duties except to a very limited extent. She is able to attend church but not to visit and has been forced to forego any gardening. The physicians treating her confirm her statements and supply a medical basis for the conclusion that she is disabled.

Against this there is the report of one physician who examined her on only one occasion at the request of the Secretary, having before him a report of a radiologist. The substance of this medical report is that the doctor was not convinced that she had the ailments of which she complained. This report is not necessarily in conflict with that of her attending physician. He does not undertake to negative those findings, but on the basis of his one examination, he was not able to confirm them.

There was one other report of a doctor from the South Carolina State Rehabilitation Agency who did not see the claimant but examined the medical reports. His conclusion was that those reports were not sufficient evidence as to whether she was totally disabled or was not totally disabled.

It is our conclusion that on the entire record on the basis of objective medical evidence and of subjective evidence of incapacity and of the claimant's work history, education and age, it was not error for the District Court to find that the decision of the Secretary was not based upon substantial evidence.

Therefore, the judgment of the District Court is affirmed.

Affirmed.