Charles S. **FRYE**, Appellant,

v.

Anthony J. **CELEBREZZE**, Secretary of Health, Education, and Welfare, Appellee.

No. 9666.

United States Court of Appeals Fourth Circuit.

Argued April 9, 1965.

Decided Aug. 29, 1966.

Glyn Dial Ellis, Logan, W. Va., for appellant.

Robert C. McDiarmid, Atty., Dept. of Justice (John W. Douglas, Asst. Atty. Gen., Sherman L. Cohn, Atty., Dept. of Justice, and George D. Beter, Acting U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

Frye sought to establish a period of disability and disability insurance bene-fits under the Social Security Act.[1] His claim was administratively denied. After reviewing the evidence of the claimant's physical condition on the effective date of his application, the District Court affirmed the Secretary's finding. Thereafter, however, the Congress enacted the Social Security Amendments of 1965,[2] which permit an award of benefits upon a showing of disability within the period of insured status, though after the effective date of the application. In light of those amendments, this record dictates a remand of the proceedings for further administrative consideration.

The medical examinations and reports preceding, or shortly following, the effective date of the claim[3] show that Frye had suffered from a hemorrhaging peptic ulcer. There was agreement that it would be responsive to a controlled diet, and, shortly after the claim's effective date, the ulcer was found to be quiescent. He also had mild pulmonary fibrosis with very slight impairment of pulmonary function capacity. There was a subjective claim of pain in the area of the shoulders which was thought might be due to mild arthritic change, but no objective evidence of arthritis could be discovered and all joints were normally mobile.

On that showing, the District Court was clearly correct in affirming the Secretary's denial of benefits, when an award was dependent upon a showing of disability within three months after the filing of the claim. The ulcer was curable, quiescent soon after the claim was filed and apparently cured by the time the hearing was held. The pulmonary impairment was minimal and not disabling. The difficulty with the back was so trivial that it was not mentioned in the claim.

Several months later, however, the pain in his back had become aggravated

---

1. 42 U.S.C.A. § 405(g).

2. 79 Stat. 286.

3. Prior to the 1965 amendments, a claim was effective for three months after the filing date. The expiration date of the three-month period was critical, for an award was dependent upon a showing of disability on that date. It is that date we term the "effective date."

and its cause was disclosed by objective examination. Re-examination by X-ray revealed marked arthritic changes in the lumbosacral joint with moderate limitation of motion of the lumbar and cervical spine. At that time, Frye's insured status would continue for another two and one-half years. During that time, the arthritis may have become much more aggravated.

Under the 1965 amendments, the old requirement of a showing of the commencement of a period of disability within three months following the filing date of the application has been replaced by a provision[4] that if a period of actual disability commences at any time before the Secretary's final decision, the claim shall be deemed to have been filed on that day. Since Frye's insured status continued beyond the date of the Secretary's final determination, Frye is entitled to an award under the amended statute if he became disabled on or before that date.

No good reason appears why the 1965 amendment should not be applied to a pending case for judicial review of an administrative determination. In a supplemental memorandum, the Secretary agrees that it does. He suggests the appropriateness of a remand.

We agree. On this record, we cannot determine whether or when the arthritic condition became disabling within the meaning of § 416(i) (1) as amended in 1965. These questions should first be answered administratively upon an expanded record.

For that purpose, the judgment of the District Court, quite proper and correct when entered prior to the 1965 amendments, will be vacated and the case remanded with instructions to remand it to the Secretary for further administrative proceedings to determine whether Frye is entitled to benefits under the liberalizing provisions of the 1965 amendments.

Vacated and remanded.