Joseph E. McLAMORE, Appellee,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare, Appellant.

No. 75–1511.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1975.

Decided April 5, 1976.

Frederic D. Cohen, Atty., Appellate Section, Civ. Div., U. S. Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., John K. Grisso, U. S. Atty., Columbia, S. C., and Leonard Schait-

man, Atty., Appellate Section, Civ.Div., U. S. Dept. of Justice, Washington, D. C., on brief), for appellant.

J. Marvin Mullis, Jr., Columbia, S. C., for appellee.

Before CLARK,* Supreme Court Justice, Retired, HAYNSWORTH, Chief Judge, and BOREMAN, Senior Circuit Judge.

HAYNSWORTH, Chief Judge:

In a final decision, the Secretary of H.E.W. denied Social Security disability benefits to Joseph E. McLamore. Subsequently, McLamore sought review of the decision in district court pursuant to 42 U.S.C. § 405(g) (1970). The district court concluded that the record failed to support the Secretary's denial of benefits and granted summary judgment for McLamore. The Secretary appeals from the summary judgment.

The question presented on appeal is whether the Secretary can discharge his affirmative burden of establishing claimant's capacity to perform alternative jobs without introducing the testimony of a vocational expert. Finding substantial evidence in the record to support the Secretary's decision, we reverse the district court and remand with direction to enter judgment for the Secretary.

It is not disputed that McLamore presented a prima facie case of disability. His testimony at the hearing and his medical history demonstrate a back injury which prevented him from performing his customary occupation. His prior occupation was that of a general laborer.

In October 1972, McLamore first became unable to work due to sharp pains in his back, pain in his right hip and tightness in his leg muscles. Medical records disclosed that prior to the onset of his alleged disability, he had experienced minor problems with his back which resulted in a 5% functional impairment of the back. On December 20, 1972, Dr. C. B. Rush felt the claimant was totally disabled and estimated the

duration of his disability as six months. On December 6, 1973, two weeks after the oral administrative hearing, Dr. Rush reported McLamore's chronic lower back condition prohibited his performance of normal manual labor.

■ Under *Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975), and authorities cited therein, once McLamore established his prima facie case, the burden of going forward shifted to the Secretary. The Secretary shoulders a two-fold burden under 42 U.S.C. § 423(d)(2)(A). First, he must show that claimant, considering his age, his education, his work experience, his skills and his physical shortcomings, has the capacity to perform an alternative job. Second this job must be shown to exist in the national economy. Only the first prong is at issue here.

■ The Secretary presented substantial evidence to sustain the administrative judge's finding that McLamore is capable of engaging in substantial gainful activity of a light and sedentary nature. First, there was the factor of McLamore's age. He was young, twenty-six at the onset of his alleged disability, and is only thirty now. Naturally, the courts cautiously scrutinize the employment prospects of so young an individual before placing him on the disability rolls.

Additionally, McLamore is a high school graduate capable of articulate testimony at the administrative hearing. He previously served as an apprentice plumber and carpenter for a short period. This indicates he possesses the native intelligence requisite for semi-skilled positions.

Third, his back problems are relatively minor. At the time of the administrative hearing he had not seen a physician for over three months. Also, he no longer wore a back brace and was not taking medication at that time.

Finally, the judge administratively noticed specific light and sedentary jobs in South Carolina's *Job Guide* which fit the claimant's physical and mental capacities.

* Sitting by Designation.

The *Job Guide,* published by the South Carolina Employment Security Commission in 1973, is used by both federal and state agencies to assist in vocational placement. The pamphlet contained numerous job opportunities available in the South Carolina economy. The administrative judge selected cloth examiner, spotter trainee (in the laundry industry), telephone solicitor, transit clerk in banking, machine presser and cashier as among specific jobs which a person of McLamore's qualifications could perform.

This leads us to a consideration of the ramifications of the lack of testimony by a vocational expert. Is there a blanket requirement that a vocational expert appear to supply particularized proof of the claimant's employability? The Secretary acknowledges that testimony of a vocational expert has been required in most disability cases to meet the Secretary's affirmative burden. *See, e. g., Taylor v. Weinberger,* 512 F.2d 664 (4th Cir. 1975); *Garrett v. Richardson,* 471 F.2d 598 (8th Cir. 1972). But here the conclusion that McLamore can engage in a number of light manual and semi-skilled jobs is within the common knowledge and experience of ordinary men, and requires no substantiation by a vocational expert. The substantial evidence rule only demands that the Secretary produce adequate evidence to support his conclusion. Given the claimant's age, education, relatively minor injury and the jobs available in the South Carolina economy for men of claimant's attributes, the Secretary has met the standard sufficiently. The district court's entry of summary judgment in the claimant's favor, therefore, must be vacated.

REVERSED AND REMANDED.