Frank E. SMITH, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 77–1702.

United States Court of Appeals, Fourth Circuit.

Argued May 3, 1978.

Decided Feb. 22, 1979.

Charles B. Beverage, Jr., Richmond, Va., for appellant.

Joseph M. Masiuk, Asst. Regional Atty., Dept. of H.E.W., Philadelphia, Pa. (William B. Cummings, U.S. Atty., Alexandria, Va., Stephen Wainger, Asst. U.S. Atty., Norfolk, Va., Stephanie W. Naidoff, Regional Atty., Philadelphia, Pa., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and RUSSELL and WIDENER, Circuit Judges.

PER CURIAM:

Frank Smith appeals from the denial of disability benefits under the Social Security Act. We vacate and remand for further consideration.

Smith's claim is based on an alleged inability to work due to the persistent pain in his right hip and chest. His medical history indicates an admittedly long and arduous struggle with back problems, beginning in 1964 and continuing to the present. Along those lines, the administrative law judge found that "[t]he claimant has had recurrent, chronic back pain since about 1965 and has undergone two surgical hemilaminectomies." Smith claims he cannot work more than thirty minutes at a time, and has been regularly taking pain killing drugs for several years.

In denying Smith's claim, the administrative law judge looked at Smith's relatively young age, 48 at the time, and the fact that Smith had several years of college education, and determined that while the claimant could not sit for over thirty minutes at a time or do any type of lifting, "certainly there are thousands of jobs he could perform not requiring these activities." No vocational expert testified as to the specific jobs which the claimant might be able to do, nor did the administrative law judge support his broad statement with reference to jobs of which he had personal knowledge.

In order to establish entitlement to Social Security disability payments, a claimant must prove that he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 416(i), 423(d)(1)(A). But once he has established his prima facie case,[1] the burden of going forward and proving that the claimant can perform an alternate job which exists in the national economy shifts to the Secretary. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975).

The Secretary's findings are conclusive on the reviewing courts if supported by substantial evidence. However, in order to be supported by substantial evidence, the Secretary must give reasons for his decision, see *Arnold v. Secretary of H.E.W.*, 567 F.2d 258, 259 (4th Cir. 1977), based upon adequate evidence to support his conclusion.

Ordinarily, the testimony of a vocational expert is required in order to support a finding that alternate jobs which the claimant can do exist in the nation's economy, *Taylor*, p. 668; see *McLamore v. Weinberger*, 538 F.2d 572 (4th Cir. 1976). However, the Secretary contends that this case falls within the exception set out in *McLa-*

---

[1] A prima facie case is in such cases frequently established by proving that the plaintiff could not perform his customary occupation. The plaintiff offered such evidence here. The administrative law judge did not address the question, as did not the Secretary. In the absence of any ruling on the question, we presume a prima facie case could have been established, not that it was.

*more* which allows the Secretary to dispense with the expert testimony where the conclusion that the claimant "can engage in a number of light manual and semi-skilled jobs is within the common knowledge and experience of ordinary men, and requires no substantiation by a vocational expert." 538 F.2d at 575.

■ *McLamore*, though, does not compel the result urged by the Secretary. The opinion indicates that the ordinary rule is that expert testimony may be required for the Secretary to carry his burden; it then sets out the exception above referred to. Because we believe that the facts of this case do not fall within the *McLamore* exception, the finding of the fact that the plaintiff was able to engage in substantial gainful activity without naming it is error.

In *McLamore*, the court noted that the claimant was 26 years old, stating that "the courts cautiously scrutinize the employment prospects of so young an individual before placing him on the disability rolls." 538 F.2d at 574. The second factor it looked at was the claimant's "native intelligence requisite for semi-skilled positions." Id. Thirdly, the court noted that the claimant's back problems were relatively minor as he, at the time of the hearing, had not seen a physician for over three months and was not on medication.

Finally and of equal importance, the court stated that ". . . the judge administratively noticed specific light and sedentary jobs in South Carolina's *Job Guide* which fit the claimant's physical and mental capacities." 538 F.2d at 574. From that guide, the administrative law judge selected specific jobs which McLamore could perform.

We think this case does not fall within the *McLamore* exception. It is true there is some similarity in the facts in that Smith possesses the higher education to perform light work. But, where McLamore was 26 at the time of the hearing, Smith was 48; and where McLamore was not on medication, Smith had been on continuous medication for several years, with the Veterans Administration noting that there may be some addiction.

The most important distinction, however, lies in the reference in *McLamore* to the South Carolina *Job Guide*, published by the South Carolina Employment Security Commission, which lists "numerous job opportunities" in the State's economy. From that compilation of available jobs, the *McLamore* administrative law judge specifically noted several which the claimant could perform.

■ In this case, however, the Secretary did not find specific jobs which Smith could perform. The most he could point to was the fact that Smith was living on his brother-in-law's farm and helping do chores, the judge remarking that such would "constitute substantial gainful activity if he were in fact being paid a salary commensurate with his duties and responsibilities."

We do not believe this to be sufficient to meet the Secretary's burden under *Taylor* and *McLamore*, given the Secretary's conclusion that Smith could not do work which required sitting for over thirty minutes or any type of lifting. Therefore, the decision of the district court is vacated and the case remanded for further remand to the Secretary, where the Secretary will conduct such further proceedings as he may be advised and are not inconsistent with this opinion.

*VACATED AND REMANDED.*