Elizabeth S. GOFF, Plaintiff,

v.

Patricia Roberts HARRIS, Secretary of Health and Human Services, Defendant.

Civ. A. No. 80–82–NN.

United States District Court, E. D. Virginia, Newport News Division.

Nov. 10, 1980.

Herbert H. Bateman, Jones, Blechman, Woltz & Kelly, Newport News, Va., for plaintiff.

Michael A. Rhine, Asst. U. S. Atty., Norfolk, Va., for defendant.

1. Pursuant to Public Law No. 96–88, effective May 4, 1980, the "Department of Health, Education and Welfare" was redesignated the "Department of Health and Human Services" and its education functions were transferred to the new Department of Education.

# ORDER

CLARKE, District Judge.

This matter comes to the Court on plaintiff Elizabeth S. Goff's Complaint and Motion for Order of Remand.

## Background

On January 9, 1979, the plaintiff filed an application for disability insurance benefits with the Department of Health, Education and Welfare,[1] alleging that she had been unable to work since August 19, 1978, because of various physical disabilities, including continuous breast pain due to fibrocytic disease, diabetes and high blood pressure. Tr. 43–46.[2] This application was denied initially on March 9, 1979, and, on reconsideration, on April 8, 1979. Tr. 47, 52.

■ The Administrative Law Judge later considered the plaintiff's case *de novo* and, after a hearing in which the plaintiff testified and was represented by counsel, denied plaintiff's claim on December 6, 1979. Tr. 7–15. On February 20, 1980, the Appeals Council reviewed and upheld the decision of the Administrative Law Judge. Tr. 3–4. Accordingly, his decision stands as the final decision of the Secretary and the matter is ripe for review by the Court. *Eppard v. Weinberger*, 378 F.Supp. 970, 971 (W.D.Va. 1974); *Thompson v. Ribicoff*, 205 F.Supp. 308, 309 (S.D.W.Va.1962).

Based on a review of the record and the briefs submitted by both parties, the Court finds that the plaintiff's motion raises two issues: (1) whether the plaintiff has shown good cause pursuant to 42 U.S.C. § 405(g), thus enabling the Court to remand the case for the taking of additional evidence, and (2) whether the Secretary's final decision denying plaintiff's claim for disability benefits is supported by substantial evidence.

2. Tr. followed by a number or numbers refers to page numbers of the transcript of the administrative proceedings.

## Facts

The record discloses that the plaintiff is a forty–six year old woman with an eighth grade education, who was gainfully employed from age sixteen until August 19, 1978. Most recently, the plaintiff was employed as a transformer assembler for GTE–Sylvania, a position requiring continuous standing and heavy lifting. The plaintiff's previous employment includes positions as an assembly line worker in a shirt factory, an apartment maintenance employee, a store clerk, and an employee in an electronics firm. Tr. 26–29. At the hearing before the Administrative Law Judge, the plaintiff stated that she had stopped working in August 1978 to undergo surgery for the removal of a breast tumor. She added that she also had been suffering from high blood pressure, diabetes, a hernia, arthritis of the spine and joints, kidney and stomach problems, and depression. Tr. 26–39.[3] She claimed that she continued to have severe chest pains after the operation, and that this ailment, coupled with her numerous other health problems, prevented her from working or carrying out many of her normal daily activities. Tr. 30–33, 37–40. In denying the plaintiff's claim for disability benefits, the Administrative Law Judge found that, although the medical evidence revealed multiple health problems, the plaintiff still had the residual functional capacity to perform sedentary work. Tr. 13.

The plaintiff contends that the Court should remand the case to the Secretary because of newly discovered medical evidence not available at the time of the hearing. In support of this argument, the plaintiff has submitted letters from Dr. William R. Gaver dated April 17, 1980, and from Dr. Margaret D. Smith dated May 6 and May 30, 1980. Plaintiff's Brief app. A, B & C. In addition, the plaintiff has submitted a medical report, dated April 12, 1980, prepared by Dr. Smith. Plaintiff's Brief app. C.

3. The medical reports submitted to the Administrative Law Judge by various doctors indicate that the plaintiff has suffered, at least to some

## Law and Conclusions

### Good Cause Shown

■ Under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1976), the Court

> may, at any time, on good cause shown, order additional evidence to be taken before the Secretary, and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or its decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

Under these guidelines, a decision to remand a case to the Secretary for further consideration is within the discretion of the Court. *See Tyler v. Weinberger,* 409 F.Supp. 776, 785 (E.D.Va.1976). The courts have construed the term "good cause" liberally to achieve the remedial purposes of the Social Security Act. *See Wray v. Folsom,* 166 F.Supp. 390, 394–95 (W.D.Ark.1958). *See also Bishop v. Weinberger,* 380 F.Supp. 293, 297 (E.D.Va.1974). Where no party would be prejudiced by the acceptance of newly discovered evidence, the courts are not required to make a technical, meticulous finding of "good cause." *Epperly v. Richardson,* 349 F.Supp. 56, 61 (W.D.Va. 1972). Accordingly, the party seeking to have the case remanded is only required to make a general showing of the nature of the evidence he seeks to submit at the administrative proceeding. *King v. Califano,* 599 F.2d 597, 599 (4th Cir. 1979); *Long v. Richardson,* 334 F.Supp. 305, 306 (W.D.Va. 1971).

■ Nevertheless, when a claimant seeks to have a case remanded to the Secretary for "good cause," he bears the burden of showing that the newly discovered evidence bears directly and substantially on the issues decided, that it is not merely cumula-

extent, from all the ailments listed. (Tr. 47–132).

tive, and that it has a reasonable chance of altering the decision of the Secretary. *See Hoss v. Gardner*, 403 F.2d 221 (4th Cir. 1968) (per curiam); *Neumerski v. Califano*, 456 F.Supp. 979, 980 (E.D.Pa.1978); *Justus v. Califano*, 444 F.Supp. 97, 99 (W.D.Va. 1978); *Morris v. Finch*, 319 F.Supp. 818, 821 (S.D.W.Va.1969).

In deciding whether the plaintiff has shown "good cause" to have her case remanded to the Secretary for further proceedings, the Court is not limited to the record and will therefore consider the letters and the medical report submitted with plaintiff's brief *See Flores v. Department of HEW*, 465 F.Supp. 317, 326 n.8 (S.D.N.Y. 1978); *Sage v. Celebrezze*, 246 F.Supp. 285, 288 (W.D.Va.1965). The letter submitted by Dr. William Garver is merely cumulative evidence. Dr. Garver states that Mrs. Goff is suffering from several medical problems and concludes that her employment possibilities are "limited." Plaintiff's Brief app. A. The record on which the Administrative Law Judge and the Appeals Council based their decisions contains numerous medical reports from doctors who examined the plaintiff. All of the ailments described by Dr. Garver were discussed in at least one of the medical reports in the record. Furthermore, the Administrative Law Judge, as well as those doctors who ventured an opinion on the matter, concluded that the plaintiff was suffering from multiple physical impairments that significantly limited the types of jobs that she could perform. Tr. 12–13, 90–91, 96–98, 139–142. Accordingly, this letter does not demonstrate the requisite "good cause" to remand the case to the Secretary.

The Court finds, however, that the letters and medical report submitted by Dr. Margaret Smith demonstrate "good cause" to remand the case for the taking of newly discovered evidence relevant to the petitioner's disability. Although these documents are of a fairly general nature, they state that the plaintiff has suffered additional complications since the final decision of the Secretary and, in addition, contradict the medical reports in the record. The medical report dated April 12, 1980, indicates that Mrs. Goff had to be hospitalized for several days because she required complete bed rest and intensive conservative back therapy. Plaintiff's Brief app. C. Moreover, the medical reports available during the administrative proceedings state that the plaintiff was capable of sitting and standing for long periods of time. *See* Tr. 85, 90, 96, 98, 141. Dr. Smith, however, concluded in her letters of May 6 and May 30, 1980, that the plaintiff was permanently disabled and that the severity of her back and leg pains made it almost impossible for her to sit or stand for any continuous period of time. Plaintiff's Brief app. B & C.

Accordingly, the documents submitted by Dr. Smith qualify as relevant, non–cumulative evidence of the plaintiff's disability that reasonably might alter the final decision of the Secretary. *See Bishop v. Weinberger*, 380 F.Supp. at 297; *Epperly v. Richardson*, 349 F.Supp. at 61–62; *Urgolites v. Finch*, 316 F.Supp. 1168 (W.D.Pa. 1970). Furthermore, a remand requiring the Secretary to consider this newly discovered evidence would not be prejudicial to the Secretary. The Government may order any additional independent examinations by medical experts and may make any additional inquiries it deems necessary to resolve the issue of the plaintiff's disability. *See Bishop v. Weinberger*, 380 F.Supp. at 297.

The Court is aware that, in addition to being viewed as additional evidence of the plaintiff's disability prior to the final decision of the Secretary, the documents submitted by Dr. Smith might be construed as evidence of a disability arising during a period subsequent to the Secretary's final decision. Nevertheless, the Administrative Law Judge concluded that the plaintiff was insured for disability purposes under the Social Security until December 31, 1982. Tr. 13. Clearly, then the plaintiff could file a new claim for benefits based on this evidence alleging that she had recently become disabled, and the previous adverse ruling of the Secretary would not be *res judicata. See id.* at 297; *Noonan v. Richardson*, 338

F.Supp. 734, 736 (E.D.Pa.1972); *Weatherred v. Secretary of HEW,* 275 F.Supp. 69, 72 (E.D.Okl.1967). As Judge Merhige so aptly stated in *Bishop,*

> the only thing to be achieved by forcing the petitioner to begin the application process anew would be to further delay the grant of benefits to which the petitioner may well be entitled even now. Justice has not been speedy with this petitioner, as it has already been over two years since he first applied for benefits under the Act. It was over a year before the hearing examiner reviewed and denied his first application. That delay *should not now be repeated.*

380 F.Supp. at 297. *See Huckabee v. Richardson,* 468 F.2d 1380, 1381 (4th Cir. 1972); *Frye v. Celebrezze,* 365 F.2d 865, 867 (4th Cir. 1966). In the case at bar, nearly two years have elapsed since the plaintiff first applied for disability insurance benefits and the final decision of the Secretary was not rendered until over a year after the application. The Court therefore FINDS that the plaintiff has demonstrated adequate "good cause" to have the case remanded.

### Lack of Substantial Evidence

 As an additional ground for remanding the case, the Court FINDS that the Secretary's final decision denying the plaintiff's claim *was not supported by substantial evidence.* *See* 42 U.S.C. § 405(g) (1976); *Brown v. Finch,* 427 F.2d 1177 (4th Cir. 1970) (per curiam); *Tyler v. Weinberger,* 409 F.Supp. 776, 785 (E.D.Va.1976). The Court is limited to the record when determining whether the substantial evidence test has been met. *Huckabee v. Richardson,* 468 F.2d at 1381. When deciding whether a claimant is disabled, within the meaning of the Act, however, the Secretary must give reasons, based on adequate evidence, to support his conclusions. *Smith v. Califano,* 592 F.2d 1235, 1236 (4th Cir. 1979).

The term "disability" is defined in the Act as the "inability to engage in any substantial gainful activity...." 42 U.S.C. § 423(d)(1)(A) (1976). The term "substantial gainful activity" is further defined as "any ... kind of substantial work which exists in the national economy," and " 'work which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." *Id.;* § 423(d)(2)(A); *Smith v. Califano,* 592 F.2d at 1236; *Edwards v. Cohen,* 307 F.Supp. 681, 683–84 (E.D.Va. 1969).

 The initial burden of proving unemployability falls on the claimant, but once the claimant has established a prima facie case that he is unemployable by demonstrating that he can no longer perform his customary type of work, the burden of proving employability shifts to the Secretary. *Smith v. Califano,* 592 F.2d at 1236; *Pelletier v. Secretary of HEW,* 525 F.2d 158, 160 (1st Cir. 1975). The evidence in the record clearly reveals that the plaintiff in the case at bar has made such a prima facie showing. The Administrative Law Judge's conclusion that the plaintiff is only capable of performing "sedentary work as defined in section 404.1510(c) of Subpart P, Regulations No 4" must be interpreted as excluding the heavy assembly line work performed by the plaintiff at GTE–Sylvania until August 1978. Furthermore, the record itself, as evidenced by the multiple physical impairments described in the medical records, convinces the Court that the plaintiff, at the time of the Secretary's final decision, was unable to perform this type of work.[4] Accordingly, the Secretary must demonstrate that the plaintiff is otherwise employable in order for his findings on the plaintiff's disability to be supported by substantial evidence.

 The Secretary cannot meet his burden of proving that the plaintiff can engage in substantial gainful activity simply by concluding that she can perform

---

4. The Court is also convinced that the plaintiff's ailments would have prevented her from performing any of the previous jobs she held.

sedentary work as defined by section 404.-1510 of the regulations. This section merely defines in very general terms the exertional requirements of sedentary, light, medium, heavy and very heavy work. *See* 20 C.F.R. § 404.1510 (1980). Furthermore, nothing in the record discloses specifically what was meant by the term "sedentary work," and a simple finding that the plaintiff can perform sedentary work is much too general to the material issue of what economic opportunities are available to the plaintiff. In order for the Secretary to demonstrate that substantial gainful employment is available to the plaintiff in the region where she lives or in several regions in the country, the testimony of a vocational expert that alternate jobs exist will be required. *See Smith v. Califano*, 592 F.2d at 1236.[5] In addition, the Secretary must analyze this evidence in light of the claimant's age, educational background and work experience. *Jenkins v. Celebrezze*, 335 F.2d 6, 8 (4th Cir. 1964); *Besseck v. Finch*, 342 F.Supp. 957, 961 (W.D.Va.1972).

Accordingly, the case is REMANDED to the Secretary for a review of the new medical evidence submitted by the plaintiff and for a determination, based on the rules enumerated by the Court, of whether the plaintiff is capable of substantial gainful employment, and, therefore, not disabled as defined by the Act.

The Secretary is DIRECTED to report to this Court within sixty (60) days from the date of this Order.

---

**5.** The testimony of a vocational expert is not always required. In *McLamore v. Weinberger*, 538 F.2d 572, 575 (4th Cir. 1976), the court created an exception that allows the Secretary to dispense with expert testimony where the conclusion that the claimant can engage in a number of jobs is within the common knowledge of ordinary men. This exception has been narrowly construed. *See Smith v. Califano*, 592 F.2d 1235, 1237 (4th Cir. 1979). In *McLamore*, the claimant was twenty–six years old, his medical problems apparently were minor, he was a high school graduate, and, perhaps more importantly, the Secretary found, after reviewing the *Job Guide* published by the South Carolina Employment Security Commission, that the plaintiff could perform several of the specific jobs listed. *McLamore v. Weinberger*, 538 F.2d at 574–75, the facts in the case at bar differ significantly from *McLamore*. The plaintiff is older, not as educated, and suffers from several physical problems. Moreover, the Administrative Law Judge made no findings of any specific jobs that the plaintiff could perform. For these reasons, the Court will not here apply the *McLamore* exception.