810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald L. HARRINGTON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 85-4069.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1986.
 
 Before NELSON and RYAN, Circuit Judges, and ENSLEN, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Appellant Harrington ("the claimant") appeals the district court's denial of social security disability benefits and the denial of his motion for summary judgment. After an initial denial of his claim, the claimant obtained a hearing before an Administrative Law Judge ("ALJ"), who denied benefits in a decision dated April 2, 1984. The district court affirmed the Secretary's final decision denying benefits.
 
 
 2
 We affirm the district court.
 
 
 3
 The claimant was born October 29, 1935, and has a seventh-grade education. His only additional training was a six-month course in construction work. He is a smoker and a non-drinking alcoholic. He has done a variety of medium-to-heavy mostly unskilled jobs, including truck driver, roofer, factory laborer, and carpenter. He has supervised the work of others, and at one time worked as a self-employed carpentry contractor with six employees. He has not worked since September of 1982.
 
 
 4
 There is an abundance of medical evidence indicating, among other things, that the claimant:
 
 
 5
 1) is of borderline intelligence, with a full-scale IQ of 77, who reads a variety of materials regularly and has better reading and spelling skills than his IQ score would indicate;
 
 
 6
 2) complains of disabling chest pain which occurs irregularly but as often as two or three times a day;
 
 
 7
 3) has a peptic ulcer, which he claims no longer troubles him, but which his treating physician suggests may be the cause of some of his chest pain;
 
 
 8
 4) has mild coronary artery disease;
 
 
 9
 5) may have "preinfarction angina," although the physician witnesses agree, and the ALJ concluded, that his chest pain "has not been typical of angina pectoris," which means that there is no clear medical basis for the claimant's pain;
 
 
 10
 6) appears to have, in the terminology of a psychologist who examined him, a "somatization" or "conversion" disorder, meaning that any real pain the claimant may have tends to be translated by stress into intensified pain and anxiety. The psychologist concluded that his "capacity to deal with the stresses of an ordinary work environment" are "moderately severely impaired due to his tendency to interpret life stresses into somatization difficulties."
 
 
 11
 We must affirm the Secretary's findings if they are supported by "substantial evidence," which "means more than a mere scintilla of evidence; such evidence as a reasonable mind might accept as adequate to support a conclusion." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir.1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, this evidence must be based on the record as a whole. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 12
 "The medical opinions and diagnosis of treating physicians are generally accorded substantial deference, and if the opinions are uncontradicted, complete deference.... This is true, however, only if the treating physician's opinion is based on sufficient medical data.... Ultimately, of course, the determination of disability is the prerogative of the Secretary, not the treating physician."
 
 
 13
 Harris, 756 F.2d at 435 (citations omitted).
 
 
 14
 The claimant contends that he is totally disabled by the combination of an ulcer, arteriosclerosis, angina, and associated pain, and that the ALJ's finding of no disability is not supported by substantial evidence. In particular, the claimant argues that (1) the ALJ failed to accord adequate deference to the opinion of the claimant's treating physician, and that (2) the ALJ had no basis for finding that there are a significant number of jobs in the national economy the claimant could perform.
 
 
 15
 After a complete review of the record, we conclude that the ALJ's findings are supported by substantial evidence. While the claimant's treating physician thought him to be disabled, other doctors and tests conducted by those doctors, indicated no physiological basis for the claimant's chest pain, and no serious heart or circulatory problems. The opinion of the treating physician was not only contradicted, but more important, it is not based on convincing evidence. The Secretary is not obligated to defer to the treating physician under these circumstances.
 
 
 16
 Furthermore, while the ALJ's conclusion concerning the availability of a significant number of suitable jobs was not reached by reference to a controlling regulation or the testimony of a vocational expert, such bases are not always necessary. See O'Banner v. Secretary of Health, Education and Welfare, 587 F.2d 321 (6th Cir.1978). The ALJ determined that the claimant has the residual functional capacity to perform all kinds of jobs except those involving complex or varied tasks which would exceed his intellectual capacity, and those involving high levels of stress which would activate his somatization disorder. The existence of a large number of jobs that are not extremely stressful or complicated is a fact "within the common knowledge and experience of ordinary men, and requires no substantiation by a vocational expert." McLamore v. Weinberger, 538 F.2d 572, 575 (4th Cir.1976).
 
 
 17
 The claimant also contends that he is entitled to have his case remanded to the Secretary for reconsideration under the Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98-460 (see notes to 42 U.S.C.A. § 421 (1986)). This contention, however, was not raised in a timely fashion, and, in any event, claimant has shown no probability of success under the new regulations.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The Honorable Richard A. Enslen, United States District Court for the Western District of Michigan, sitting by designation