James H. HARVEY, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 86–2042.

United States Court of Appeals, Fourth Circuit.

Submitted Nov. 14, 1986.

Decided March 25, 1987.

(Sunya Anderson, Charleston, W.Va., on brief), for plaintiff-appellant.

(David A. Faber, U.S. Atty., Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., on brief), for defendant-appellee.

Before WIDENER and ERVIN, Circuit Judges, and BOYLE, United States District Judge for the Eastern District of North Carolina, sitting by designation.

PER CURIAM:

Claimant James Harvey appeals from a district court order denying him disability benefits under the Social Security Act, 42 U.S.C. § 301 *et seq.* This denial stems from a finding by the Administrative Law Judge ("ALJ") that Harvey's dispatcher job yielded skills transferable to other dispatcher positions. Because the record does not adequately support this finding, we reverse and remand.

### I.

Claimant Harvey worked first as a coal miner and most recently as a mine dispatcher. As a coal miner, Harvey routinely lifted over 100 pounds and did a great deal of bending. As a dispatcher, his work was more sedentary. He sat for eight hours a day, and lifted only light loads; he talked on the phone and directed rail traffic in the mine.

At the administrative hearing, Harvey testified that he finally left the mines in 1983 because of breathing and back problems. He testified that he could sit, but when sitting, he constantly felt uncomfortable. Harvey stated that he ordinarily sat for only 15 to 20 minutes at a time in his role as a dispatcher. At least one of the examining physicians supported Harvey's testimony. Dr. Stowers found that Harvey could not sit longer than 30 minutes without rest periods of 5–10 minutes. Another physician, Dr. Aguila, described Harvey's nonexertional impairments. Among other things, he noted that Harvey should not be exposed to dust, fumes or gases.

After leaving the mines, Harvey filed his application for Social Security disability benefits on July 7, 1983. A hearing was held before an ALJ. In her decision, issued April 10, 1984, the ALJ denied disability benefits. She found that Harvey, at the advanced age of 55, with an eighth grade education, had a severe impairment, as defined by 20 C.F.R. § 404.1521 (1986). She ruled that chronic respiratory disease, in combination with vertebrogenic impairment, prevented Harvey from doing work requiring great exertion, but that he retained the capacity for a complete range of light and sedentary work. Most importantly, the ALJ found that Harvey's dispatcher skills are transferable to jobs such as "taxicab dispatcher, police dispatcher, fire dispatcher, or emergency medical services dispatcher.".

The Appeals Council affirmed and the United States Magistrate recommended affirmance. The magistrate stated that

claimant's dispatching functions were so general that they were readily transferable to other dispatching jobs. The United States District Court for the Southern District of West Virginia, in turn, upheld the magistrate's ruling.

## II.

The principal issue on appeal is whether substantial evidence supports the ALJ's determination that Harvey's coal mine-dispatching skills are transferable to other dispatching jobs. In making this determination, the ALJ cited Social Security Administration Regulations No. 4. *See* 20 C.F.R. § 404.1520(b)–(f) (1986). This provision requires the ALJ to consider five sequential factors. The fifth step governs this disposition:

> If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed.

20 C.F.R. § 404.1520(f) (1986).

■ Appendix 2 to Regulation No. 4 sets out a list of factors relevant to a disability determination. Where, as in this case, the claimant has nonexertional limitations as well as exertional ones, the Appendix is not dispositive as to disability under the fifth step of the Regulations. *See Roberts v. Schweiker,* 667 F.2d 1143, 1145 (4th Cir.1981). At this stage, the burden is on the Secretary to show that the claimant has skills transferable to alternative employment in the national economy. *See Phillips v. Harris,* 488 F.Supp. 1161, 1166–67 (W.D.Va.1980). This is generally done through testimony of a vocational expert. *See Smith v. Califano,* 592 F.2d 1235, 1236 (4th Cir.1979). An exception exists where "the conclusion that [claimant] can engage in a number of light manual and semi-skilled jobs is within the common knowledge and experience of ordinary men."

*McLamore v. Weinberger,* 538 F.2d 572, 575 (4th Cir.1976).

The absence of a vocational expert weighs heavily in this case. The Secretary relies upon *McLamore.* He asserts that the vocational expert's testimony was unnecessary, because it is commonly recognized that the essence of any dispatching job is talking on the phone and directing traffic. Harvey, quite naturally, contends that there is no evidence showing that his skills were transferable to other jobs in the national economy.

■ The balance tips in Harvey's favor. *McLamore* is clearly distinguishable, for several reasons. The factors which this court stressed in *McLamore*—claimant's youth, high school education, and relatively mild back condition—are conspicuously absent in the present case. Unlike the ALJ in this case, the judge in *McLamore* administratively noticed specific jobs in the state *Job Guide* which claimant could perform. The reference to this manual is probably the most distinguishing feature of *McLamore.* *See Smith v. Califano,* 592 F.2d at 1237.

The Secretary argues that Harvey's skills would plainly enable him to perform other dispatcher posts. Yet, the "common knowledge" element of *McLamore* is not apparent from the record. There is no evidence showing the requirements of other dispatcher jobs. The *Dictionary of Occupational Titles* [1] indicates that dispatcher positions do, indeed, vary. For instance, a government service radio dispatcher may be required to hold a federal license. United States Department of Labor, *Dictionary of Occupational Titles* § 378–362–010, at 263 (4th ed. 1977). A government services taxicab dispatcher must possess map reading skills and a high degree of coordination which a mine dispatcher may lack. *Id.* § 913.367–010, at 886. Furthermore, it is conceivable that a police dispatcher must be a policeman, and a fire dispatcher, a fireman.

---

1. The ALJ may take official notice of information contained in the *Dictionary of Occupational*

*Titles, see* 20 C.F.R. § 404.1566(d) (1986).

Finally, neither the record nor the *Dictionary* reveals how much sitting each type of dispatcher must do, or what level of education he must have achieved. Certainly, claimant would be ill-suited for jobs requiring more than an hour of continuous sitting, or a high school education.

### III.

 Given the sparse record on the variety of dispatching skills, we remand this case to the Secretary for the submission of additional evidence. Harvey urges us, instead, to award him disability benefits as a matter of law. We reject his argument against a remand.

Section 405(g) of the Social Security Act permits a remand when new, material evidence exists, and there is good cause for the failure to previously incorporate this evidence into the record. Harvey notes that § 405(g) was amended in 1980 "partly in an effort to stem the growing tide of unjustified federal court ordered remands." *Dorsey v. Heckler*, 702 F.2d 597, 604 (5th Cir.1983). *Dorsey*, however, also suggested that § 405(g) "is not as restrictive as a literal reading might suggest." *Id.* at 605 (quoting *Essig v. Secretary of Health & Human Services*, 531 F.Supp. 55, 57 (E.D. N.Y.1981).

Essentially, Harvey contends that there is no showing of "good cause" why the Secretary failed to produce a vocational expert during the proceedings. This court, however, has ordered a remand where the Secretary has failed to produce a vocational expert, with instructions that the case be reconsidered in light of additional evidence introduced by the Secretary or the claimant. *See, e.g., Wilson v. Heckler*, 743 F.2d 218 (4th Cir.1984). Additionally, the Second Circuit recently addressed the "good cause" requirement in a case factually similar to our own. *See Carroll v. Secretary of Health and Human Services*, 705 F.2d 638 (2d Cir.1983). In *Carroll*, the ALJ's determination that the claimant had residual functional capacity for sedentary work was not supported by substantial evidence. The Secretary offered no medical evidence or testimony by a vocational expert, and no good cause for omitting this evidence appeared. Yet, the court of appeals remanded the case, since the Secretary might ask to reopen the record to introduce new evidence and might show good cause for failing to introduce this evidence earlier. *Id.* at 644.

This case, then, is reversed and remanded for consideration of additional evidence on the transferability of Harvey's mine dispatching skills.

REVERSED AND REMANDED.