925 F.2d 1462
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas E. ACKLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3501.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 
 Before RYAN and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Thomas Ackley appeals the district court's judgment that affirmed the appellee's denial of his application for disability insurance benefits under 42 U.S.C. Sec. 423. His case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 Ackley alleged that he became disabled in 1983 due to "emotional anxiety." An administrative law judge (ALJ) issued an opinion that denied his claim. The ALJ's decision became the final decision of the Secretary on August 30, 1988, when the Appeals Council denied Ackley's request for further review.
 
 
 3
 Ackley filed a complaint in federal district court, and the parties subsequently agreed to submit the case to a magistrate for final disposition. On May 5, 1990, the magistrate entered a judgment that affirmed the Secretary's decision. It is from this judgment that Ackley now appeals.
 
 
 4
 The standard of review that applies to Ackley's case was articulated by this court in Brainard v. Secretary of Health and Human Services, 889 F.2d 679 (6th Cir.1989) (per curiam).
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Id. at 681 (citations omitted).
 
 
 7
 Ackley argues that there was not sufficient evidence to support the Secretary's decision. He also argues that the ALJ should not have considered a vocational expert's testimony because it was based on a hypothetical which did not include the restrictions associated with a stress-related disorder. A careful review of the record shows that these arguments must fail.
 
 
 8
 The parties agree that Ackley is now disabled. However, Ackley's present condition is not determinative of his eligibility for social security disability benefits prior to March 31, 1984, when he last met the special earnings requirement. See Higgs v. Bowen, 880 F.2d 860, 862 (6th Cir.1988) (per curiam). The ALJ's opinion clearly reflects his finding that Ackley could work during the period that he was eligible for benefits, as long as the work was not stressful. This finding is arguably inconsistent with an evaluation that was made by Ackley's treating psychologist, Steven Katkin, on May 27, 1987. However, it is supported by other medical evidence in the record, including an earlier evaluation by Dr. Katkin. This evaluation, dated May 13, 1985, reveals Dr. Katkin's recommendation that Ackley seek employment. The ALJ's finding is also supported by the evaluation of a consulting psychologist, Dr. Dale Seifert, which indicated that Ackley needed "to find employment in a non-stressful setting."
 
 
 9
 A finding that Ackley was not totally disabled is also supported by the lay testimony at his hearing. Ackley's testimony indicated that he had had very limited social contact during the two years since 1986. He also testified that he had quit a part-time job as a newspaper carrier in late 1984 because driving over the hilly terrain on his route made him nervous. However, Ackley's testimony also indicated that he had engaged in a wide variety of challenging activities since the onset of his disability. Ackley's father and his uncle both indicated that he becomes nervous and irritable during stressful situations. However, this testimony is not inconsistent with the ALJ's finding that Ackley could perform work that was not stressful. Moreover, "the ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, No. 90-1109, slip op. at 15 (6th Cir. Oct. 22, 1990).
 
 
 10
 The Secretary had the burden of showing that there was non-stressful work that Ackley could perform during the relevant period. To meet this burden, the Secretary submitted the testimony of a vocational expert, which established that Ackley's past employment had given him a number of basic skills that were transferable to other types of work. The vocational expert also testified that a significant number of these jobs were less stressful than Ackley's past work as a newspaper carrier and a welder. When considered together, the questions posed to the vocational expert presented an adequate hypothetical of a claimant with Ackley's work experience and non-exertional impairments. Cf. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir.1987). Moreover, the existence of uncomplicated and non-stressful jobs is a fact that is "within the common knowledge and experience of ordinary men, and requires no substantiation by a vocational expert." McLamore v. Weinberger, 538 F.2d 572, 575 (4th Cir.1976).
 
 
 11
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.