Charles K. SCOTT, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

Civ. A. No. 2:95–0078.

United States District Court, S.D. West Virginia, Charleston Division.

Sept. 27, 1995.

employee of NSE, and Chuck Thompson, whose relationship to NSE is not clear.

. Montie VanNostrand, Webster Springs, WV, for plaintiff.

Carol Casto, Assistant U.S. Attorney, Charleston, WV, Rebecca Betts, United States Attorney, Charleston, WV, Charlotte Hardnett, Office of Regional Attorney, Philadelphia, PA, for defendant.

## JUDGMENT ORDER

HADEN, Chief Judge.

This action was referred to the Honorable Jerry D. Hogg, United States Magistrate Judge, who has submitted his proposed findings of fact and recommendation for disposition pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge's Report–Recommendation was filed on September 8, 1995. There have been no objections to the Magistrate Judge's Report–Recommendation. Accordingly, the Court adopts and incorporates herein the Magistrate Judge's Report–Recommendation and DENIES the Defendant's motion for summary judgment. The Court further GRANTS the Plaintiff's motion for summary judgment and

REVERSES the second decision of the administrative law judge dated April 6, 1994 insofar as the Plaintiff's disability onset date was set as of August 1, 1990. The Court ORDERS the Plaintiff be awarded disability benefits as of the original onset date of April 4, 1989. The Court ORDERS this action be stricken from the docket of the Court.

## REPORT–RECOMMENDATION

HOGG, United States Magistrate Judge.

This is an action seeking review of the final decision of the Commissioner of Social Security denying the plaintiff's application for a period of disability and disability insurance benefits filed pursuant to the provisions of the Social Security Act, as amended. This case is presently pending on the parties' cross-motions for summary judgment.

By standing order docketed February 3, 1995, this action was referred to the undersigned United States Magistrate Judge, who was designated to consider the pleadings and evidence and to submit his proposed findings of fact and recommendation for the disposition thereof pursuant to the provisions of 28 U.S.C. § 636.

The plaintiff, Charles K. Scott, filed an application for a period of disability and disability insurance benefits on May 8, 1989, alleging that he had been disabled since April 4, 1989. On November 27, 1990, an administrative law judge held that the plaintiff was entitled to a period of disability commencing April 4, 1989, and to disability insurance benefits. By memorandum dated May 28, 1992, the Office of Disability and International Operations returned the case to the administrative law judge stating that information had been received from the Social Security field office dated April 15, 1992, showing the claimant had worked from December 1989, through July 1990, earning $2,000.00 a month. Following a subsequent hearing, the administrative law judge concluded that the plaintiff was disabled, but that such disability commenced August 1, 1990.

A claimant for disability benefits bears the burden of proving a disability, 42 U.S.C. § 423(d)(5); *Blalock v. Richardson,*

483 F.2d 773, 774 (4th Cir.1972), which is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months...." 42 U.S.C. § 423(d)(1)(A). Once the claimant makes a *prima facie* showing of a physical impairment which effectively precludes him from returning to his past relevant work, the burden of going forward shifts to the Secretary. The Commissioner then must show two things: (1) that the claimant, considering his age, education, work experience, skills, and physical shortcomings, has the capacity to perform an alternative job and (2) that this specific job exists in the national economy. *McLain v. Schweiker,* 715 F.2d 866 (4th Cir.1983); *McLamore v. Weinberger,* 538 F.2d 572 (4th Cir.1976).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence concerns whether a claimant is currently engaged in substantial gainful employment. If he is not, the second inquiry is whether the claimant has a "severe" impairment. If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. If it does, the claimant is found disabled and is awarded benefits. If it does not, the fourth inquiry is whether the claimant's impairments prevent him from performing his past relevant work. By satisfying inquiry 4, the claimant establishes a prima facie case of disability. The burden then shifts to the Commissioner and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering both his remaining physical and mental capacities and his age, education, and prior work experience.

In this particular case, the administrative law judge found that the medical evidence establishes that "the claimant has a history of a motor vehicle accident in which he sustained multiple injuries including fractures of the skull, right clavicle, rib injuries, right acetabulum with open reduction and internal fixation, compound comminuted fracture of the right patella with post open reduction, chronic low back pain syndrome, and history of right total hip replacement, but that he does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4." (TR. 26) The administrative law judge found claimant's subjective complaints of pain to be credible. It was further determined that the claimant has the residual functional capacity to perform the physical exertional and nonexertional requirements of work except for lifting and carrying more than 10 pounds. He is also limited in standing, stooping, kneeling, crawling, walking, standing, or sitting for prolonged periods due to his physical limitations. He is precluded from working around heights, moving machinery, or a polluted environment. The administrative law judge found that the claimant is unable to perform his past relevant work and, considering his nonexertional limitations, cannot be expected to make a vocational adjustment to "other work" and is disabled within the meaning of the Social Security Act. The administrative law judge found that claimant has been under a "disability" since August 1, 1990, but not prior thereto. That decision became the final decision of the Commissioner when the Appeals Council denied the plaintiff's request for review on January 1, 1995.

The sole issue before the court is whether the final decision of the Commissioner denying the plaintiff's claim is supported by substantial evidence. In *Blalock v. Richardson, supra* at 776, substantial evidence was defined to be "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before the jury, then there is 'substantial evidence'." Additionally, the Secretary, not the Court, is charged with resolving conflicts in the evidence. Nevertheless, the Courts "must not abdicate their traditional functions; they can-

not escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir.1974).

As a point of reference, it is pertinent to note that the plaintiff was originally awarded disability benefits commencing April 4, 1989, but when the favorable decision was processed, it was discovered that he had received $2,000.00 per month between December 1989 and July 1990. The Commissioner apparently concluded that plaintiff had engaged in substantial gainful activity. Plaintiff brought this action asserting that he made an unsuccessful work attempt, but was, nonetheless, disabled as of April 4, 1989. Therefore, the period under consideration is from April 4, 1989 until August 1990.

■ A careful review of the record in this matter establishes that the Commissioner's final decision is not supported by substantial evidence. For the reasons stated more fully below, it is the recommendation of the undersigned magistrate judge that the Commissioner's final decision be reversed.

Social Security Ruling 84–25 provides that an "unsuccessful work attempt" is measured by the duration and the conditions of the "work effort" and is used to evaluate any return to work after the first significant break in the continuity of a person's work. The ruling indicates that a work effort of 3 months or less which ends or is reduced to less than the substantial gainful activity earnings level due to the person's impairment or to the removal of special conditions is an unsuccessful work attempt. For "work efforts" of between 3 and 6 months, ending or reduced to below substantial gainful activity due to the impairment or to the removal of special conditions essential to the further performance, additional requirements must be met for the work effort to be considered unsuccessful:

a. frequent absences from work, or

b. work was performed unsatisfactorily due to impairment, or

c. work was performed during a temporary remission, or

d. work was performed under special conditions.

The special conditions include special arrangements made to accommodate an impairment or an unusual job opportunity, and include

a. special assistance from other employees, or

b. leave to work irregular hours or take frequent rests, or

c. special equipment or assigned work especially suited to the impairment, or

d. was able to work only within a framework of special circumstances such as where other persons helped him or her to get to and from work, or

e. was permitted to perform at a lower standard or productivity or efficiency than other employees, or

f. was granted the opportunity to work despite his or her handicap, because of family relationship or other altruistic reasons.

The ruling also specifies a "work effort" of over 6 months cannot be an unsuccessful work attempt regardless of why it ended. The plaintiff notes, however, the ruling specifies that it is the "work effort" that is being evaluated and not the period of earnings as the administrative law judge suggests. (TR. 25) The undersigned magistrate judge must concur with the plaintiff's assertion that it is the "work effort" that must be considered. The evidence of record indicates that in November 1989, plaintiff told his treating orthopedic surgeon, Dr. William G. Sale, III, that he had an opportunity to go back to work. In February 1990, plaintiff again told Dr. Sale that he was planning to return to work. Since plaintiff did not say that he had started such work, the clear implication is that he had not attempted such work opportunity. The undersigned magistrate judge has considered such documentation and concludes that, even though plaintiff told Dr. Sale in November 1989 that he was planning to return to work, he made the same statement in February 1990, and there is nothing in the record, other than the earnings posted for 1989 and 1990, which indicates that such work effort was attempted prior to February 1990. It is uncontested that the work activity ended by August 1, 1990, which represents

an actual "work effort" of less than six months.[1] The administrative law judge improperly considered the period of payment which did not entirely coincide with the work effort.

In considering the work effort, the evidence of record further indicates that the work performed was under special conditions; that he was permitted to work irregular hours; that it was an unusual job opportunity because of a family relationship. Specifically, plaintiff's only job requirement apparently was to answer the telephone and the work activity involved 12 hours per week. He stopped because he proved to be a liability to the company. (TR. 178–179) According to the Report of Work Activity, the partnership had been created for him by relatives because of his physical and, apparently, financial condition. He also indicated that he reported such work activity to Social Security before he was approved for benefits. (TR. 181)

In addition, the administrative law judge misapplied 20 C.F.R. § 404.1574(a)(2) and failed to evaluate the extent to which payments to plaintiff were not related to actual productivity but to a subsidy by the company. The regulation provides:

Section 404.1574 *Evaluation guides if you are an employee.*

(2) We consider only the amounts you earn. We do not consider any income not directly related to your productivity when we decide whether you have done substantial gainful activity. If your earnings are being subsidized, the amount of the subsidy is not counted when we determine whether or not your work is substantial gainful activity. Thus, where work is done under special conditions, we only consider the part of your pay which you actually 'earn'.

The evidence of record establishes that the earnings reported to plaintiff's record were most probably subsidized by his relatives. Specifically, plaintiff reported attempting to work 12 hours per week and earning $2,000.00 per month. (TR. 179) Such earnings appear inflated for the services rendered, i.e., answering the telephone. Furthermore, the record contains affidavits from plaintiff's business partners indicating that he did not receive wages for hours or days worked. The affidavit states that "any monies received ... were for his partnership in the company." (TR.186, 189) Clearly, the administrative law judge failed to properly evaluate to what extent the payments were actually related to plaintiff's productivity as opposed to being subsidized by the employer corporation.

Inasmuch as the administrative law judge misapplied *Ruling* 84–25 by computing the six month time period according to the period during which payments were received rather than the period during which work effort occurred and since the administrative law judge failed to evaluate to what extent the employment earnings represented a subsidy by the employer and were not directly related to productivity and actually earned, the Commissioner's final decision is not supported by substantial evidence. Moreover, it is the finding of the undersigned magistrate judge that the plaintiff should be awarded disability insurance benefits, as originally awarded, commencing April 4, 1989.

For the reasons state herein, it is, accordingly,

**RECOMMENDED** that the defendant's motion for summary judgment be denied, the plaintiff's motion for summary judgment be granted, and the second decision of the administrative law judge, dated April 6, 1994, be reversed insofar as the plaintiff's disability onset date was set as of August 1, 1990, and the plaintiff awarded disability benefits as of the original onset date of April 4, 1989.

Plaintiff and defendant are hereby notified that a copy of this **REPORT–RECOMMENDATION** will be submitted to the Honorable Charles H. Haden II, Chief Judge, and that, in accordance with the provisions of Rule 72(b), Federal Rules of Civil Procedure, the parties may, within 13 days of the date of filing of this **REPORT–RECOMMENDA-**

---

1.  Plaintiff asserts that work ended July 14, 1990. In either case, the February 1990 until August 1, 1990 period still represents only six months.

**TION** serve and file written objections with the Clerk of this court identifying the portions of the **REPORT–RECOMMENDATION** to which objection is made and the basis for such objections. The Judge will make a *de novo* determination of those portions of the **REPORT–RECOMMENDATION** to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such **REPORT–RECOMMENDATION.** Copies of objections shall be served on all parties with copies of the same to Judge Haden and this magistrate judge.

The Clerk is directed to file this **RE-PORT–RECOMMENDATION** and mail a copy of the same to all counsel of record.

DATED: September 8, 1995.