922 F.2d 835
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edmund BROWN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2022.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1990.
Decided Jan. 2, 1991.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville. Franklin T. Dupree, Jr., Senior District Judge. (CA-87-33-3-CIV)
 Kay B. House, Lumbee River Legal Services, Inc. (Argued), for Appellant; Kathleen A. McKee, Lumbee River Legal Services, Inc., on brief.
 Cheryl Lynn Nikonovich-Kahn, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Atlanta, Ga. (Argued), for appellee; Bruce R. Granger, Chief Counsel, Region IV, Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Haila Naomi Kleinman, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Atlanta, Ga., Stuart M. Gerson, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., Margaret Person Currin, United States Attorney, Raleigh, N.C., on brief.
 Before SPROUSE and WILKINS, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 E.D.N.C.
 AFFIRMED.
 PER CURIAM:
 
 
 1
 Edmund Brown, Jr. appeals the order of the district court affirming the Secretary's denial of his claims for disability benefits under Titles II and XVI of the Social Security Act, as amended, 42 U.S.C.A. Secs. 401, et seq. (West 1983 & Supp.1990) and Secs. 1381, et seq. (West 1983 & Supp.1990). Brown claims the Secretary's decision that he is able to perform light work existing in the national economy is not supported by substantial evidence. We affirm.
 
 I.
 
 2
 Brown filed initial applications for social security benefits and supplemental security income in June 1982 alleging disability due to heart problems and arthritis. Both claims were denied. Brown filed another application for benefits in April 1984 and alleged disability resulting from heart problems, arthritis, and a stomach ulcer. This application was denied initially and upon reconsideration. After a hearing in May 1985, an Administrative Law Judge (ALJ) found that Brown was able to perform his past relevant work as a farm laborer.
 
 
 3
 The Appeals Council granted Brown's request for review and then remanded his case to an ALJ. The ALJ again found that Brown's impairments did not prevent him from performing his past relevant work. The Appeals Council affirmed this decision and adopted it as the final decision of the Secretary.
 
 
 4
 Having exhausted his administrative remedies, Brown filed this action in district court. On motions of both parties, the court remanded the matter to an ALJ. The ALJ found that Brown was unable to return to his previous employment but had sufficient residual functional capacity to engage in a full range of light work limited by his tendency to suffer periodic dizziness when walking and occasional episodes of blurred vision. This decision was adopted by the Appeals Council as the Secretary's final decision. The Secretary then filed a motion with the district court for judgment on the pleadings and Brown filed a motion for summary judgment. The court granted the motion of the Secretary and denied Brown's motion.
 
 
 5
 Brown is 49 years of age, has a fourth grade education, and is illiterate. He worked as a farm laborer for 37 years. He stopped working because he began suffering chest pain, dizziness, headaches, and blurred vision.
 
 
 6
 Brown was examined by physicians and cardiologists who diagnosed the principal cause of his disability as high blood pressure and prescribed an extensive regimen of medication. During the course of hospital visits and out-patient examinations, several of his physicians noted that Brown's hypertension was poorly controlled and suspected that he did not take his medication as prescribed.
 
 
 7
 Dr. Gilbert, a cardiologist and consulting physician for the Secretary, examined Brown in September 1984 and June 1986. He noted that he strongly suspected poor compliance and found that "it would be extremely rare for a person to maintain the degree of hypertension he has on his present medical regimen." In his assessment of Brown's ability to perform physical work, Dr. Gilbert found that Brown could lift from ten to twenty pounds occasionally and from five to ten pounds frequently. He also found that Brown could stand for eight hours per day and walk with frequent interruptions. Dr. Gilbert indicated that Brown should not climb or balance, and noted environmental restrictions against exposure to heights, moving machinery, temperature extremes, and humidity.
 
 II.
 
 8
 The scope of judicial review of the factual findings of the Secretary is limited to whether they are supported by substantial evidence. 42 U.S.C.A. Sec. 405(g) (West 1983); 42 U.S.C.A. Sec. 1383(c)(3) (West Supp.1990); Richardson v. Perales, 402 U.S. 389 (1971). Substantial evidence is defined as:
 
 
 9
 "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.' "
 
 
 10
 Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984) (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (citations omitted).
 
 
 11
 Since Brown met his initial burden of establishing that he was disabled and unable to return to his past relevant work as a farm laborer, the burden shifted to the Secretary to establish that Brown had "sufficient residual functional capacity to engage in an alternative job existing in the national economy." McLain v. Schweiker, 715 F.2d 866, 869 (4th Cir.1983). Ordinarily, vocational expert testimony is required to support the finding of the ALJ that alternative work exists. See Smith v. Califano, 592 F.2d 1235 (4th Cir.1979). The testimony of a vocational expert must be in response to hypothetical questions that include the claimant's abilities and limitations. See Walker v. Bowen, 889 F.2d 47 (4th Cir.1989).
 
 
 12
 In assessing Brown's ability to work, the vocational expert considered hypothetical questions that encompassed Brown's functional and nonexertional limitations including his tendency to suffer periodic dizziness when walking and occasional episodes of blurred vision. The expert also considered his age, education, and prior relevant work experience. He testified that Brown could perform work as a hand folder in the textile industry, a battery assembler, or an electrical equipment assembler. Although the expert stated that the position of hand folder requires "some vision of course," there is no indication in the record that Brown's occasional blurred vision would prevent him from performing this type of work.
 
 
 13
 The expert further testified that "the bulk of" the work of a battery assembler "could probably be performed" by a person who suffers periodic dizziness when walking and occasional blurred vision. Although Brown argues that this conclusion was qualified by the phrasing of the expert's response, the expert's testimony indicates that Brown could perform this work, as well as that of an electrical equipment assembler, despite limitations resulting from hypertension.
 
 
 14
 In concluding that Brown could perform light work existing in the national economy, the ALJ properly relied on the vocational expert's testimony that Brown had the ability to work as a hand folder, battery assembler, or electrical equipment assembler. Brown's testimony that he was able to drive, attend church services, and assist his wife with gardening, cooking, sweeping floors, and washing dishes further supports the findings of the ALJ. While the record contains some evidence to support Brown's claim, there is substantial evidence that the Secretary met his burden of proving the existence of alternative work that Brown could perform. The substantial evidence standard compels affirmance of the decision of the Secretary.
 
 
 15
 Brown's remaining claims are without merit.
 
 
 16
 AFFIRMED.